# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

———————————

STATE OF WASHINGTON, *et al.*,

Plaintiffs-Appellees,

v.

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,

Defendants-Appellants.

———————————

NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*,

Plaintiffs-Appellees,

v.

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,

Defendants-Appellants.

———————————

On Appeal from the United States District Court
for the District of Rhode Island

———————————

## EMERGENCY MOTION FOR STAY PENDING APPEAL

———————————

BRETT A. SHUMATE
 *Assistant Attorney General*

YAAKOV M. ROTH
 *Principal Deputy Assistant Attorney General*

DANIEL TENNY
SARAH CLARK GRIFFIN
 *Attorneys, Appellate Staff*
 *Civil Division, Room 7216*
 *U.S. Department of Justice*
 *950 Pennsylvania Avenue NW*
 *Washington, DC 20530*
 *(202) 305-8727*

# TABLE OF CONTENTS

**<u>Page</u>**

TABLE OF CONTENTS

TABLE OF AUTHORITIES

INTRODUCTION AND SUMMARY ................................................................................1

STATEMENT ...............................................................................................................2

ARGUMENT ................................................................................................................8

I.     The government is likely to prevail on its appeal. ....................................9

II.    The equitable factors favor a stay pending appeal................................. 12

CONCLUSION ........................................................................................................... 16

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

APPENDIX

# TABLE OF AUTHORITIES

**Cases:**                                                                      **Page(s)**

*In re Am. Fed'n of Gov't Emps., AFL-CIO,*
   837 F.2d 503 (D.C. Cir. 1988) ........................................................................ 14

*Charlesbank Equity Fund II v. Blinds to Go, Inc.,*
   370 F.3d 151 (1st Cir. 2004) ................................................................... 12, 13

*District 4 Lodge of the Int'l Ass'n of Machinists & Aerospace Workers*
*Local Lodge 207 v. Raimondo,*
   18 F.4th 38 (1st Cir. 2021) ........................................................................... 14

*Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.,*
   15 F.3d 1222 (1st Cir. 1994) ........................................................................... 9

*Matos ex rel. Matos v. Clinton Sch. Dist.,*
   367 F.3d 68 (1st Cir. 2004) ...................................................................... 12-13

*Nken v. Holder,*
   556 U.S. 418 (2009) ................................................................................... 8, 15

*Sindi v. El-Moslimany,*
   896 F.3d 1 (1st Cir. 2018) ............................................................................... 9

*South Dakota v. Dole,*
   483 U.S. 203 (1987) ........................................................................................ 15

*Trump v. CASA, Inc.,*
   606 U.S. 831 (2025) ........................................................................................ 14

*Winter v. Natural Res. Def. Council, Inc.,*
   555 U.S. 7 (2008) ............................................................................................ 15

**Statutes:**

McKinney-Vento Act,
   42 U.S.C. § 11381 *et seq.* ................................................................................2
      42 U.S.C. § 11381 ......................................................................................3
      42 U.S.C. § 11382(a) .................................................................................3
      42 U.S.C. § 11386a(b)(1)(G) .....................................................................3

28 U.S.C. § 1651(a) ................................................................................ 8

HEARTH Act,
Pub. L. No. 111-22, §§ 1301-1306, 123 Stat. 1632 (2009) .......................... 2-3

Consolidated Appropriations Act, 2024,
Pub. L. No. 118-42, 138 Stat. 25 (2024) ........................................3

Full-Year Continuing Appropriations and Extensions Act, 2025,
Pub. L. No. 119-4, 139 Stat. 9 ..............................................4

Transportation, Housing and Urban Development, and Related Agencies
Appropriations Act, 2026 (2026 Appropriations Act),
Pub. L. No. 119-75, div. D, tit. II, 140 Stat. 173, H.R. 7148 .............................. 6, 7, 10

**Other Authorities:**

Exec. Order 14,321,
90 Fed. Reg. 35,817 (July 24, 2025) ............................................................ 4-5

Exec. Order 14,332,
90 Fed. Reg. 38,929 (Aug. 7, 2025) ..............................................5

## INTRODUCTION AND SUMMARY

The U.S. Department of Housing and Urban Development (HUD) and Secretary Scott Turner request a stay pending appeal of an injunction that the district court issued in December and then refused to modify despite intervening legislation that both fatally undermines the district court's limited merits reasoning and eliminates plaintiffs' irreparable harm. To afford the government sufficient time to accept applications and make new grants by July 1, 2026, as contemplated by Congress, we respectfully respect relief no later than March 30.

Congress has authorized HUD, through the Continuum of Care (CoC) program, to provide funding to nonprofits and state and local governments assisting people experiencing homelessness. After determining that previous housing policies had failed to ameliorate a worsening homelessness crisis, HUD issued a notice of funding opportunity (NOFO) for the 2025 funding year in November 2025, replacing the two-year NOFO that HUD had previously issued in July 2024. Private organizations and states sued and sought emergency relief. In response, HUD withdrew the November 2025 NOFO and informed the district court that it was making revisions addressing certain of plaintiffs' concerns. The district court nonetheless proceeded to issue an oral preliminary injunction in December without any specific reasoning as to which elements of the November 2025 NOFO were unlawful. To make matters worse, the district court not only enjoined the withdrawn November 2025 NOFO but also prohibited HUD from giving effect to any other 2025 NOFO HUD might issue,

including the revised NOFO that HUD issued hours after the oral preliminary injunction and several days before the court's written injunction order. The preliminary injunction therefore forecloses HUD from implementing its December 2025 NOFO, even though the district court has never adjudicated the lawfulness of that NOFO, whether preliminarily or otherwise.

Worse still, the district court refused to dissolve its injunction after Congress enacted bipartisan legislation specifically contemplating that HUD could issue and rely on a 2025 NOFO. In addition to conclusively demonstrating the government's likelihood of success on the merits, that legislation addressed plaintiffs' fears of funding disruptions by providing for the renewal of grants expiring in the next few months. On the other side of the ledger, maintaining the preliminary injunction for another month will have the perverse effect of providing plaintiffs with permanent relief. Congress has directed that, if HUD has not awarded funds under a 2025 NOFO by July 1, 2026, HUD must noncompetitively renew the CoC grants expiring in the remainder of the year. To meet the July 1 deadline, HUD must open applications under the December 2025 NOFO by April 1. Without a stay, the preliminary injunction will thus deprive the government of adequate time to complete a grantmaking process under the December 2025 NOFO by Congress's deadline.

## STATEMENT

**1.** The grants at issue in this case arise under the McKinney-Vento Homeless Assistance Act, 42 U.S.C. § 11381 *et seq.*, and the 2009 Homeless Emergency Assistance

and Rapid Transition to Housing (HEARTH) Act, which amended the McKinney-Vento Act and consolidated a number of HUD's competitive grant programs on homelessness into the CoC program. *See* HEARTH Act, Pub. L. No. 111-22, §§ 1301-1306, 123 Stat. 1632, 1680-96 (2009), *codified at* 42 U.S.C. §§ 11381-11388. Since then, Congress has appropriated, and HUD has granted, funds under the CoC program to meet Congress's express purposes for the program, which include "optimiz[ing] self-sufficiency among individuals and families experiencing homelessness" and "provid[ing] funding for efforts by nonprofit providers and State and local governments to quickly rehouse homeless individuals and families while minimizing the trauma and dislocation caused to individuals, families, and communities by homelessness." 42 U.S.C. § 11381. HUD awards CoC grants on a nationally competitive basis, using statutory selection criteria and "such other factors as the Secretary determines to be appropriate to carry out this part in an effective and efficient manner," 42 U.S.C. § 11386a(b)(1)(G); *see also id.* § 11382(a).

**2.** In 2024, Congress authorized HUD to issue a two-year NOFO for the CoC program, encompassing the funds Congress appropriated in 2024 and any funds Congress would appropriate in 2025. *See* Consolidated Appropriations Act, 2024, Pub. L. No. 118-42, § 242, 138 Stat. 25, 386. HUD issued such a NOFO in July 2024 (2024 NOFO). HUD invited potential grantees to submit their applications by October 2024 and explained that applicants could submit one application for 2024 and 2025 funds.

*See* AR30.[1] HUD further provided that, if an applicant needed to submit a new application for 2025 funding—because it wished to reallocate its funding to create a new project, for example—it needed to do so by August 2025. *See* AR31. HUD "reserve[d] the right to modify this NOFO or issue a supplemental FY 2025 . . . NOFO if necessary (e.g., to accommodate a new . . . priority or new funding source)." AR31-32; *see* AR60. HUD announced its awards of 2024 funds in January 2025. *See* AR19.

In March 2025, Congress appropriated funds for the 2025 CoC program and gave HUD until September 30, 2027 to obligate those funds. *See* Full-Year Continuing Appropriations and Extensions Act, 2025, Pub. L. No. 119-4, § 1101, 139 Stat. 9, 12, 14. In July 2025, HUD announced that it intended to publish a new NOFO to govern competition for 2025 funding and invited applicants "to prepare for an application focused on treatment and recovery, reducing unsheltered homelessness, reducing returns to homelessness, and increasing the earned income of participants." AR18. Later that summer, President Trump issued executive orders directing HUD to implement national policies and criteria to reduce homelessness and directing agencies to implement additional grant criteria to enhance federal program accountability. *See* Exec. Order 14,321, *Ending Crime and Disorder on America's Streets*, 90 Fed. Reg. 35,817

---

[1] Citations to AR__ are to the administrative record. In *Washington v. HUD*, No. 25-cv-626 (D.R.I.), the administrative record is docketed at ECF 54 (AR1-4), ECF 72-2 (AR5-283), and ECF 76 (AR 284-1269). In *National Alliance to End Homelessness (NAEH) v. HUD*, No. 25-cv-636 (D.R.I.), the administrative record is docketed at ECF 44 (AR1-4), ECF 56-2 (AR5-283), and ECF 59 (AR 284-1269).

(July 24, 2025); Exec. Order 14,332, *Improving Oversight of Federal Grantmaking*, 90 Fed. Reg. 38,929 (Aug. 7, 2025). HUD published a new NOFO in November 2025 and requested applications by January 2026. *See* AR24; AR160.

**3.** Two sets of plaintiffs—a group of states and a group of private organizations—filed suit after the November 2025 NOFO was issued and sought a preliminary injunction. *See State of Washington v. HUD*, No. 25-cv-626 (D.R.I.); *NAEH v. HUD*, No. 25-cv-636 (D.R.I.).[2] In response, HUD withdrew the November 2025 NOFO to make revisions addressing some of plaintiffs' concerns. *See* AR1-2.

Despite that withdrawal and HUD's notice to the court that it would issue a revised NOFO within days, the district court proceeded to hold a hearing on December 19, and, in an oral order, preliminarily enjoined HUD from rescinding the 2024 NOFO and from giving effect to any other NOFO. The district court reflected its preliminary injunction in a brief written order four days later. *See* App. 1-3, 40-42.[3] The order directed HUD to begin processing eligible renewals under the 2024 NOFO, although it did not require it to obligate funding or grant any specific renewals. *See* App. 2-3, 41-42. HUD began that process, with a plan to select (but not grant) 2025 awards under 2024 NOFO by the end of March 2026.

---

[2] The cases have been handled together in district court but not formally consolidated. The government has noticed appeals in both cases and is filing the same stay motion in both appeals.

[3] Citations to App. __ are to the appendix to this motion.

Meanwhile, later in the day on December 19, and before the court issued its written order, HUD issued a revised NOFO (the December 2025 NOFO) that removed some of the challenged requirements of the November 2025 NOFO, amended others, and added a severability provision. AR1251. Because the oral preliminary-injunction order had been issued earlier on the same day, HUD acknowledged that the December 2025 NOFO had no effect while the preliminary injunction was in place.

Plaintiffs filed amended complaints challenging both the December 2025 NOFO and HUD's decision to replace the 2024 NOFO. After jointly requesting expedited briefing and relief, the parties submitted cross-motions for summary judgment. Plaintiffs asked the court to order HUD to announce renewal awards by March 2 and announce awards based on new applications by March 31. *See* States' Summary Judgment Reply, ECF 84, at 45, *Washington v. HUD*, No. 25-cv-626 (D.R.I.); Private Plaintiffs' Motion for Summary Judgment, ECF 67, at 1, *NAEH v. HUD*, No. 25-cv-636 (D.R.I.).

**4.** On February 3, while summary-judgment briefing was underway, Congress passed a new appropriations act, which contains provisions governing the CoC program's use of 2025 and 2026 funds. *See* Transportation, Housing and Urban Development, and Related Agencies Appropriations Act, 2026, Pub. L. No. 119-75, div. D, tit. II, 140 Stat. 173, H.R. 7148 at 250-51 (2026 Appropriations Act). As relevant here, the 2026 Appropriations Act directs HUD to either issue a 2025 NOFO or

noncompetitively renew existing CoC grants expiring over the course of 2026. *Id.* at 250, § 244. For CoC projects that have expired or will expire between January 1 and April 1, 2026, Congress directed HUD to renew those grants. For projects expiring later in the year, the 2026 Appropriations Act directs HUD to noncompetitively renew those projects only if HUD fails to award the funds under "a fiscal year 2025 notice of funding opportunity" by specified dates: April 1, 2026, for grants set to expire in the second quarter and July 1, 2026, for grants set to expire in the third and fourth quarters of 2026. *Id.* Congress further clarified that "such renewals shall not render recipients ineligible for awards under any fiscal year 2025 and fiscal year 2026 notices of funding opportunity" and that the "amounts remaining after all such renewals are made shall be competitively awarded pursuant to a notice of funding opportunity." *Id.*

**5.** Following the passage of the 2026 Appropriations Act, plaintiffs informed the district court by email that they no longer sought a summary-judgment ruling by March. *See* Motion to Dissolve the Preliminary Injunctions, ECF 89, at 4 n.3, *Washington v. HUD*, No. 25-cv-626 (D.R.I.) (ECF 74 in *NAEH*). Without a summary-judgment ruling, the preliminary injunction would remain in effect, preventing HUD from meeting Congress's deadlines to award funds under a 2025 NOFO and therefore requiring HUD to noncompetitively renew plaintiffs' expiring CoC grants. For its part, HUD asked the district court to either dissolve the preliminary injunction in light of the 2026 Appropriations Act or rule on the summary-judgment motions by March 2. *Id.* at 3.

**6.** On February 27, the district court denied the motion to dissolve the preliminary injunction in a text order. App. 11-12, 50-51. In the court's view, the 2026 Appropriations Act did not undermine plaintiffs' showing of imminent, irreparable harm, because of "(1) the upheaval and service gaps that would result from the Defendants['] attempt to vastly overhaul the funding selection criteria on an accelerated basis; and (2) the Defendants' attempt to implement the December 2025 NOFO in light of the Court's prior determination that Plaintiffs have a strong likelihood of success in their action contesting its legality." *Id.* The district court has not yet acted on the pending, and fully briefed, summary-judgment motions.

**7.** The government appealed the denial of the motion to dissolve and sought a stay of the preliminary injunction pending appeal.[4] The district court denied the stay motion in a text order. App. 17, 56.

## ARGUMENT

A stay is warranted here, as HUD is likely to succeed on the merits of its appeal and the equities tip heavily in its favor. *See Nken v. Holder*, 556 U.S. 418, 426 (2009). The preliminary injunction irreparably harms HUD because it prevents HUD from giving effect to its 2025 NOFO and therefore prevents HUD from meeting the deadlines set

---

[4] This Court has authority under the All Writs Act to issue a stay of the preliminary injunction pending appeal even though the order on appeal is the denial of a motion to dissolve that injunction, as staying the preliminary injunction would operate to preserve this Court's jurisdiction over the pending appeal just as it would if the injunction itself were on appeal. *See* 28 U.S.C. § 1651(a).

by Congress to award funds under a 2025 NOFO. And the preliminary injunction does so even though no court has yet adjudicated any challenge to the merits of the December 2025 NOFO, preliminarily or otherwise. In light of Congress's confirmation that HUD can award funds based on a 2025 NOFO, there can be no legal basis for prohibiting HUD from even attempting to do so. Meanwhile, any imminent harm to plaintiffs has been eliminated, because Congress has provided that all CoC projects expiring in the first quarter of 2026 (and, as a practical matter, given the timing, in the second quarter as well) will be noncompetitively renewed. In other words, Congress has removed the risk of a potential funding gap. And to the extent that plaintiffs continue to maintain that there remains a risk of funding gaps in the second half of 2026, their grievance is with the policy judgment Congress made in the 2026 Appropriations Act, which the district court was not free to supplant.

## I. The government is likely to prevail on its appeal.

The district court's preliminary injunction cannot survive the 2026 Appropriations Act and the district court therefore erred in refusing to dissolve it. Dissolution of a preliminary injunction "should depend on the same considerations that guide a judge in deciding whether to grant or deny a preliminary injunction in the first place." *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225 (1st Cir. 1994); *Sindi v. El-Moslimany*, 896 F.3d 1, 29 (1st Cir. 2018) (noting that courts should dissolve an injunction when it is "no longer equitable or consistent with the public interest"

because courts have a "'continuing duty and responsibility to assess' an injunction's 'efficacy and consequences'" (quoting *Brown v. Plata*, 563 U.S. 493, 542 (2011)).

The preliminary injunction forbids HUD from giving effect to any 2025 NOFO. *See* App. 1-2, 40-41. But the 2026 Appropriations Act forecloses that result by expressly contemplating that HUD might award at least some, and possibly most, of its 2025 funds under a 2025 NOFO. *See* H.R. 7148 at 250, § 244; McKenney Decl. in Support of HUD's Motion for Summary Judgment, ECF 83-1, at 2, 5, *Washington v. HUD*, No. 25-cv-626 (D.R.I.) (reflecting that only around 10% of CoC grants eligible for renewal were expiring in the first quarter of 2026) (ECF 68-1 in *NAEH*). As explained, the act requires HUD to noncompetitively renew CoC grants expiring in the first quarter of 2026. H.R. 7148 at 250-51, § 244. Indeed, HUD is in the process of doing so for both first and second quarter renewals. Under the act, however, HUD need only noncompetitively renew grants expiring later in the year if it has not awarded funds under a 2025 NOFO by the 2026 deadlines set by Congress. *See id.* Congress has thus confirmed that HUD has the authority and flexibility to modify or rescind the two-year 2024 NOFO and to issue a NOFO for 2025. The preliminary injunction thus thwarts Congress' judgment as to HUD's freedom to award 2025 funds under a 2025 NOFO.

The district court's disagreement with Congress's judgment forms the only basis for the preliminary injunction at issue here. No court has adjudicated the lawfulness of the December 2025 NOFO, preliminarily or otherwise. To the contrary, the district court's oral preliminary-injunction order preceded the December 2025 NOFO, and the

court's written preliminary-injunction order provided no substantive reasoning for its conclusion that HUD should not be permitted to give effect to any 2025 NOFO. *See* App. 1-3, 40-42. Nor did the district court's text order denying HUD's motion to dissolve address the lawfulness of the December 2025 NOFO; to the contrary, the court merely cross-referenced its prior ruling as if that earlier ruling had addressed the December 2025 NOFO, which it plainly had not. *See* App. 11-12, 50-51. And the district court's text order made no reference to the effect of the 2026 Appropriation Act. As a result, the district court's preliminary injunction continues to bar HUD from giving effect to its 2025 NOFO, published over two months ago, despite the absence of any analysis, at any stage, of that NOFO, and despite the fact that Congress has authorized HUD to award funds under a 2025 NOFO.

Absent a stay, the preliminary injunction will remain in effect until the district court rules on the parties' summary-judgment motions. And HUD has explained, with a declaration that neither plaintiff nor the district court has attempted to controvert, if it is not able, by April 1, to give effect to its December 2025 NOFO by at the very least beginning to accept applications, it anticipates that it will not be able to meet Congress's July 1 deadline and will have to noncompetitively renew the rest of the year's grants. App. 9, 48 (McKenney Decl. ¶¶ 5, 7). Its work on the 2025 NOFO will be nullified and Congress's desire that HUD have the opportunity to award most of the 2025 funds under a 2025 NOFO will be thwarted because of the court's injunction. In short, it was

legal error for the court to enjoin—and to refuse to dissolve an injunction against—a NOFO without ever addressing that NOFO's legality.

Plaintiffs' arguments about particular purported defects in the December 2025 NOFO are without merit, but they can be resolved by the district court in the first instance, as they have been addressed in detail in the parties' summary-judgment motions. *See* HUD's Motion for Summary Judgment, ECF 83, at 45-78, *Washington v. HUD*, No. 25-cv-626 (D.R.I.) (ECF 68 in *NAEH*); HUD's Summary Judgment Reply, ECF 87, at 15-45, *Washington v. HUD*, No. 25-cv-626 (D.R.I.) (ECF 72 in *NAEH*). The government's sole and simple point here is that a federal court cannot enjoin an agency action before it even considers the legality of that agency action. That alone suffices to stay the injunction.

## II.     The equitable factors favor a stay pending appeal.

Regardless of the correctness of the district court's balancing of the equities at the time it issued its injunction, following the injunction's issuance the equitable factors have tipped heavily toward HUD and therefore favor a stay pending appeal.

Any irreparable harm that plaintiffs might have risked at the time of the preliminary injunction has dissipated and can no longer provide the basis for equitable relief. "[I]rreparable harm constitutes a necessary threshold showing for an award of preliminary injunctive relief." *Charlesbank Equity Fund II v. Blinds to Go, Inc.*, 370 F.3d 151, 162 (1st Cir. 2004). That harm must be immediate, *see Matos ex rel. Matos v. Clinton*

*Sch. Dist.*, 367 F.3d 68, 74 (1st Cir. 2004), and must be "independent" of plaintiffs' claims on the merits, *Charlesbank Equity Fund II*, 370 F.3d at 162 (emphasis omitted).

The 2026 Appropriations Act forecloses the conclusion that plaintiffs face immediate, irreparable harm. In issuing the preliminary injunction, the district court found that plaintiffs would be irreparably harmed by the potential gap in funding that might result from delaying grant renewals. Congress has now addressed that potential harm by providing a staggered timeline for grant renewals, starting with awards expiring in the first quarter of this year. Congress thus provided a scheme that, in its judgment, balances HUD's discretion to issue CoC awards pursuant to a new NOFO against the risk of funding gaps for programs with grant awards that expire at different points in 2026. As a result of the staggered deadlines in the 2026 Appropriations Act, the CoC grants expiring in the first two quarters of 2026 will be noncompetitively renewed no matter what happens in this litigation. App. 9, 48 (McKenney Decl. ¶ 5).

And allowing HUD to invite applications under the new NOFO will not cause any irreparable harm to plaintiffs, which would arise only if grants were finally awarded under that NOFO. There is no reasonable prospect that grants will need to be awarded under that NOFO before the district court has an opportunity to rule on the fully briefed summary-judgment motions and thus issue a final judgment; to the contrary, until Congress enacted legislation changing the status quo, plaintiffs themselves were pushing for the district court to issue final judgment earlier this month. And in any event, to the extent that plaintiffs continue to maintain that the preliminary injunction

is necessary to guard against the risk of funding gaps starting on July 1, 2026, their concern is with the staggered scheme in the 2026 Appropriations Act. Where, as here, Congress has spoken, this Court is "not free to ignore that judgment and rewrite the statute to include a [different] timetable." *See In re Am. Fed'n of Gov't Emps., AFL-CIO*, 837 F.2d 503, 506 (D.C. Cir. 1988).

Meanwhile, the harm to HUD only increases as time passes. As long as the preliminary injunction is in place, HUD cannot even begin implementing the December 2025 NOFO by opening the application process. And HUD anticipates that it will not be able to meet the July 1 deadline if it cannot open the application process by April 1. App. 9, 48 (McKenney Decl. ¶¶ 5, 7). As a result, maintaining the preliminary injunction for another month will effectively provide plaintiffs with the permanent relief they seek in the litigation, and prevent HUD from exercising its policy judgment as to how to use the 2025 CoC funds.

Any time the government "is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." *Trump v. CASA, Inc.*, 606 U.S. 831, 860-61 (2025) (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers)); *see also District 4 Lodge of the Int'l Assoc. of Machinists & Aerospace Workers Local Lodge 207 v. Raimondo*, 18 F.4th 38, 47 (1st Cir. 2021) (citing *King* for the same proposition). The harm is particularly acute here because Congress has spoken directly to the question at hand. Where, as here, the executive and legislative branches are working in tandem to "further broad policy objectives"

pursuant to the broad spending power Congress enjoys, *South Dakota v. Dole*, 483 U.S. 203, 206 (1987) (citation omitted), continuing to stymie HUD's exercise of its congressionally endorsed authority represents an especially severe continuing injury to the agency and the public interest, *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24–25 (2008) (noting the "great deference" given to a coordinate branch of government operating within the core of its constitutional authority (citation omitted)).

The public interest further supports staying the injunction. *See Nken*, 556 U.S. at 435 (noting that the public interest and the harm to the government merge in cases involving the government). HUD seeks to implement the policy approach that it deems best suited to addressing an ongoing homelessness crisis that has seen years of increasingly negative outcomes for the very people the CoC program is meant to protect. Restoring HUD's flexibility to implement its policy priorities to address this crisis is thus in the public interest. In sum, the balance of equities and the public interest have tilted heavily in HUD's favor since the issuance of the preliminary injunction.

# CONCLUSION

For the foregoing reasons, the Court should grant a stay pending appeal.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*

DANIEL TENNY

*s/ Sarah Clark Griffin*

SARAH CLARK GRIFFIN
*Attorneys, Appellate Staff*
*Civil Division, Room 7216*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 305-8727*
*sarah.c.griffin@usdoj.gov*

MARCH 2026

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,917 words. This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Sarah Clark Griffin*
Sarah Clark Griffin

**CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2026, I electronically filed the foregoing motion

with the Clerk of the Court for the United States Court of Appeals for the First Circuit

by using the appellate CM/ECF system. Participants in the case are registered CM/ECF

users and service will be accomplished by the appellate CM/ECF system.

*s/ Sarah Clark Griffin*
Sarah Clark Griffin

**APPENDIX**

# TABLE OF CONTENTS

Preliminary Injunction Order, *Washington v. HUD*....................................................App. 1

McKenney Declaration, *Washington v. HUD* ...................................................App. 7

Text Order Denying Motion to Dissolve, *Washington v. HUD* ...........................App. 11

Notice of Appeal, *Washington v. HUD*...............................................................App. 14

Text Order Denying Stay Motion, *Washington v. HUD* ..........................................App. 17

District Court Docket, *Washington v. HUD* .......................................................App. 20


Preliminary Injunction Order, *NAEH v. HUD* ......................................................App. 40

McKenney Declaration, *NAEH v. HUD*................................................................App. 46

Text Order Denying Motion to Dissolve, *NAEH v. HUD* ...................................App. 50

Notice of Appeal, *NAEH v. HUD* .....................................................................App. 53

Text Order Denying Stay Motion, *NAEH v. HUD*...............................................App. 56

District Court Docket, *NAEH v. HUD* .................................................................App. 59

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, *et al.*,<br>    Plaintiffs, | )<br>)<br>)<br>) |  |
| v. | )<br>) | C.A. No. 1:25-cv-00626-MSM-AEM |
| UNITED STATES DEPARTMENT OF<br>HOUSING AND URBAN<br>DEVELOPMENT, *et al.*,<br>    Defendants. | )<br>)<br>)<br>)<br>) |  |

## ORDER FOR RELIEF UNDER 5 U.S.C. § 705 AND
## FOR PRELIMINARY INJUNCTION

Mary S. McElroy, United States District Judge.

Upon consideration of the Plaintiffs' Motion for Preliminary Injunction and/or for Preliminary Relief under 5 U.S.C. § 705 (ECF Nos. 11, 49), the Court concludes that Plaintiffs have established a strong likelihood of success on the merits, irreparable harm, and that the balance of equities and public interest favor the Plaintiffs. The Court made these findings based on Plaintiffs' Motions for Preliminary Relief and accompanying declarations as well as the hearing held on December 19, 2025. Therefore, for good cause shown, and for the reasons stated at that hearing, the Court GRANTS the Plaintiffs' Motion for Preliminary Relief. It is:

1. ORDERED that the Plaintiffs' Motion for Preliminary Relief are GRANTED; it is further

2. ORDERED that, to preserve the status quo ante, the Department of Housing and Urban Development's ("HUD") rescission of the notice of funding

App. 1

opportunity entitled "FY 2024 and FY 2025 Continuum of Care Competition and Renewal or Replacement of Youth Homeless Demonstration Program" ("FY24-25 NOFO") is STAYED under 5 U.S.C. § 705 and PRELIMINARILY ENJOINED; it is further

3. ORDERED that the FY 2025 Continuum of Care Competition and Youth Homeless Demonstration Program Grants NOFO ("2025 NOFO") is STAYED under 5 U.S.C. § 705 and PRELIMINARILY ENJOINED; it is further

4. ORDERED that the Challenged Conditions[1] in the 2025 NOFO are STAYED under 5 U.S.C. § 705 and PRELIMINARILY ENJOINED; it is further

5. ORDERED that, pursuant to 5 U.S.C. § 705, the Court's inherent equitable authority, and the All Writs Act, 28 U.S.C. § 1651, to preserve the status quo ante, Defendants, their employees, and anyone acting in concert with them, are and until further order of this Court PRELIMINARILY ENJOINED from giving effect to any existing or forthcoming agency action to further rescind or replace the FY24-25 NOFO, including by enforcing any deadlines in any other NOFO, accepting and processing applications under any other NOFO, or giving effect to any other NOFO to award FY2025 grants for the Continuum of Care (CoC) program; it is further

6. ORDERED that Defendants must preserve the status quo ante that existed under the FY24-25 NOFO, including by taking all steps necessary to process

---

[1] The Challenged Conditions as identified by Plaintiffs and listed at Appendix A of this Order.

App. 2

eligible renewals for FY 2025 CoC funding pursuant to the FY24-25 NOFO, but excluding the obligation of funding and the granting of any specific renewals; it is further

7. **ORDERED** that Defendants, within one business day of this Order, file a notice confirming they have informed all relevant federal officials, including Defendants and their officers, agents, servants, employees, and attorneys, of this Order; it is further

8. **ORDERED** that Defendants, by no later than December 30, 2025, file a report that sets forth any steps necessary to process eligible renewals for FY 2025 CoC funding under the FY2024-2025 NOFO and Defendants' expected timeline; it is further

9. **ORDERED** that Defendants, within fourteen days of entry of this Order, shall inform recipients of any steps they must take in order for eligible renewals to be processed, up to but not including the obligation of funding. Defendants should promptly file a notice confirming such communications were made.

10. The Court further finds that a bond is not mandatory under these circumstances and exercises its discretion not to require one at this time.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge
December 23, 2025

## APPENDIX A: CHALLENGED CONDITIONS

| Condition | Citation (25-cv-626) |
|---|---|
| Cap on Funding of Permanent Housing Projects: "[N]o more than 30 percent of a CoC's Annual Renewal Demand (ARD) under this NOFO will fund Permanent Housing projects, including PH-PSH, PH-RRH and Joint TH and PH-RRH projects." | ECF No. 12-3 at 15. |
| Awarding Points for Requiring Participants to Enroll in Services: "[P]rogram participants are required to take part in [substance abuse treatment] services as a condition of continued participation in the program," "the requirement for participation in substance abuse treatment," and "the proposed project will require program participants to take part in supportive services (e.g. case management, employment training, substance use treatment)." | ECF No. 12-3 at 55, 62, 64, 77-80. |
| Tier 1 Cap of 30 Percent: "Tier 1 is set at 30 percent of the CoC's Annual Renewal Demand (ARD)." | ECF No. 12-3 at 15. |
| Prohibition or Restriction on Applicants Who Recognize the Existence of Transgender, Gender Non-Conforming, and Intersex Individuals: "Awards made under this NOFO will not be used to . . . conduct activities that rely on or otherwise use a definition of sex as other than binary in humans" and "HUD reserves the right to reduce or reject a project application [if there is] evidence that the project has previously or currently . . . conduct[ed/s] activities that rely on or otherwise use a definition of sex other than as binary in humans." | ECF No. 12-3 at 55, 65, 108. |
| Disadvantaging Programs that Provide Services for Mental and Substance-Abuse-Derived Disabilities: "[S]erve ... individuals with a physical disability/impairment or a developmental disability . . . not including substance abuse disorder" and favors units that "will prioritize these populations." | ECF No. 12-3 at 57, 61. |
| "Public Safety" Requirements: "CoCs must" cite "state or local law(s) that cover the CoC's entire geographic area" that prohibit "public illicit drug use" and "public camping or loitering" and cite state and local protocols that enforce these prohibitions; "CoCs must" demonstrate utilization of standards like "involuntary commitment"; "CoCs must" indicate that the state | ECF No. 12-3 at 86-87. |

1

| **Condition** | **Citation (25-cv-626)** |
|---|---|
| implements and is compliant with the registration and notification obligations of the Sex Offender Registry and Notification Act; and "CoCs must" assist law enforcement in checking the location of homeless sex offenders, and cooperate with law enforcement in connecting violators of public camping or drug laws with services. | |
| Partnering with Law Enforcement: "[P]artner with first responders and law enforcement" to increase housing and services engagement. | ECF No. 12-3 at 83. |
| Assisting with Federal Immigration Enforcement: "[V]oluntarily, thoroughly, and demonstrably facilitat[ing] immigration status verification before distribution of benefits to all recipients" using the SAVE database. | ECF No. 12-3 at 88. |
| Reducing Number of Homeless Encampments: "[R]eduction in the number of encampments or the number of people residing in encampments by at least 20%." | ECF No. 12-3 at 81. |
| DEI-Related Conditions: Applicants must "certify affirmatively" that they "will not engage in racial preferences or other forms of illegal discrimination"; HUD can reject an application if "the project has previously or currently conducts activities that subsidize or facilitate racial preferences or other forms of illegal discrimination." | ECF No. 12-3 at 54-55, 65. |
| Harm Reduction Conditions: Applicants must "certify affirmatively" that they "will not operate drug injection sites or 'safe consumption sites,' knowingly distribute drug paraphernalia on or off of property under their control, permit the use or distribution of illicit drugs on property under their control, or conduct any of these activities under the pretext of 'harm reduction'"; HUD can reject applicants based on "evidence that the project operates drug injection sites or 'safe consumption sites,' knowingly distributes drug paraphernalia on or off property under their control, permits the use or distribution of illicit drugs on property under their control, or conducts any of these activities under the pretext of 'harm reduction.'" | ECF No. 12-3 at 54-55, 65. |

App. 5

| **Condition** | **Citation (25-cv-626)** |
|---|---|
| Retroactive "Risk Review" Catchall: "Before making an award, HUD will evaluate each applicant's . . . [h]istory of subsidizing or facilitating activities that conflict with the purposes of this NOFO." | ECF No. 12-3 at 89. |

App. 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

STATE OF WASHINGTON, *et al.*,

Plaintiffs,

v.

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,

Defendants.

AND

NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*,

Plaintiffs,

v.

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,

Defendants.

Case Nos. 25-cv-626
25-cv-636

District Judge Mary S. McElroy
Magistrate Judge Amy E. Moses

## DECLARATION OF CAITLYN J. MCKENNEY IN SUPPORT OF DEFENDANTS' COMBINED MOTION TO DISSOLVE THE DECEMBER 19, 2025 PRELIMINARY INJUNCTIONS

I, Caitlyn J. McKenney, hereby declare as follows:

1.    I am employed by the U.S. Department of Housing and Urban Development ("HUD") as the Deputy Assistant Secretary ("DAS") for Special Needs within the Office of Community Planning and Development ("CPD"). In this role, I oversee all programs in the Office of HIV/AIDS Housing and the Office of Special Needs, including HUD's Continuum of Care ("CoC") program. I have served in this capacity since December 28, 2025. Immediately before becoming the DAS and since I joined HUD on April 21, 2025, I served as a Policy Advisor for

App. 7

CPD, where a major part of my role was helping steer the CoC program. I have been employed continuously at HUD since April 21, 2025.

2.      My statements herein are based on my personal knowledge and/or my evaluation of information provided to me in my official capacity; on reasonable inquiry; information obtained from various records, systems, databases; or program employees and information portals maintained and relied upon by HUD in the regular course of business.

3.      Congress's February 3, 2026 enactment of the Consolidated Appropriations Act, 2026, fundamentally changes how FY2025 funding under HUD's Continuum of Care ("CoC") program will be distributed. *See* Transportation, Housing and Urban Development, and Related Agencies Appropriations Act, 2026, Pub. L. No. 119-75, div. D., tit. II, 140 Stat. 173, H.R. 7148 at 209–51 ("2026 THUD Appropriations Act"); *see also id.* § 244, H.R. 7148 at 250–51. The THUD Act mandates that HUD "non-competitively renew for one 12-month period all" CoC projects "expiring during the first quarter of calendar year 2026," *id.* § 244, H.R. 7148 at 250, and further provides that, should HUD fail to make awards under a 2025 NOFO prior to April 1, 2026, projects expiring in the second quarter will be noncompetitively renewed, *see id.* § 244, H.R. 7148 at 250–51. If HUD fails to make awards prior to July 1, 2026, projects expiring in the third and fourth quarters will also be noncompetitively renewed. *See id.*

4.      Pursuant to the THUD Act, HUD is proceeding to noncompetitively renew projects expiring in the first quarter of 2026. HUD is also proceeding to noncompetitively renew CoC projects expiring in the second quarter of 2026. HUD is also aware that Congress imposed a deadline of July 1, 2026 by which HUD must make awards under "a fiscal year 2025 notice of funding opportunity" in order to avoid mandatory noncompetitive renewals for projects expiring in the third and fourth quarters of 2026. *See id.* § 244, H.R. 7148 at 250.

App. 8

5.      Given this Court's December 19, 2025 preliminary injunctions, HUD will not be able to process applications and renewals under its enjoined December 2025 NOFO in time to meet the THUD Act's April 1, 2026 deadline for second-quarter awards. Moreover, in order to have a chance of meeting the July 1, 2026 deadline for third and fourth quarter project awards under "a fiscal year 2025 notice of funding opportunity," HUD must be able to open the December 2025 NOFO for applicants at the very latest by April 1, 2026.

6.      HUD must leave at least 30 days for an application period, absent an emergency waiver under 42 U.S.C. § 3545(a)(3). There is also good reason to leave applications open for this long, since Collaborative Applicants need time to prepare their application and new projects may struggle to complete their project applications and any underlying planning with a shorter application window.

7.      After applications close, HUD estimates that it will process applications for about several thousand new projects from nearly 400 CoCs. This involves conducting a merit review for each CoC and conducting threshold eligibility reviews, merit reviews, and risk reviews for each project as set out in the December 2025 NOFO.[1] HUD must also conduct threshold eligibility reviews and risk reviews for all renewal projects to determine whether there are any significant financial, performance, or compliance issues. HUD anticipates that this will take at least 50 days. This is shorter than what HUD indicated in the December 2025 NOFO, because renewals for projects expiring in Q1 and Q2 (about 37% of all projects) will have already been processed and awarded. Further, a threshold eligibility and risk review of renewal projects will have been completed under the Court's Order for the remaining projects expiring in Q3 and Q4 and HUD

---

[1] Threshold eligibility reviews, merit reviews, and risk reviews for projects are neither unusual nor new to the December 2025 NOFO. Rather, these reviews are standard practice in NOFOs, including the FY2024-25 CoC NOFO at issue in this matter.

App. 9

expects overlap between these recipients and those that will submit applications under the December 2025 NOFO. After scoring and reviews are complete, HUD must also prepare awards, including making necessary Fair Market Rent adjustments, conditioning any awards, and must notify Congress at least three days prior to announcing any awards. All in all, HUD anticipates that it will need the full amount of time from April 1, 2026, to finish all of this work and make awards by July 1, 2026.

8.    I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this 17th day of February 2026 in Washington, DC.

CAITLYN MCKENNEY

Digitally signed by CAITLYN MCKENNEY
Date: 2026.02.17 19:07:03 -05'00'

Caitlyn J. McKenney

App. 10

| From: | cmecf@rid.uscourts.gov |
| To: | cmecfnef@rid.uscourts.gov |
| Subject: | Activity in Case 1:25-cv-00626-MSM-AEM State of Washington et al v. United States Department of Housing and Urban Development et al Order on Motion for Miscellaneous Relief |
| Date: | Friday, February 27, 2026 8:18:19 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

### District of Rhode Island

## Notice of Electronic Filing

The following transaction was entered on 2/27/2026 at 8:17 AM EST and filed on 2/27/2026

| | |
|---|---|
| **Case Name:** | State of Washington et al v. United States Department of Housing and Urban Development et al |
| **Case Number:** | 1:25-cv-00626-MSM-AEM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**

**TEXT ORDER: Before this Court is Defendants' Combined Motion to Dissolve the December 19, 2025 Preliminary Injunctions (ECF No. [89]). The Court has considered the arguments in Defendants' Motion and Plaintiffs' Responses in Opposition thereto. The Defendants seek to reopen the December 2025 Continuum of Care NOFO in order to solicit and issue awards pursuant to its terms for the third and fourth quarters of the funding cycle and argue that this Court's interim relief enjoining the December 2025 NOFO prevents it from doing so. In support of dissolving the injunction, Defendants assert, among other things, that Congress has eliminated the threatened harms faced by the Plaintiffs that prompted the Court to enjoin the December 2025 NOFO in the first instance. The Court disagrees and concludes that the Plaintiffs continue to face imminent, irreparable harm from: (1) the upheaval and service gaps that would result from the Defendants attempt to vastly overhaul the funding selection criteria on an accelerated basis; and (2) the Defendants' attempt to implement the December 2025 NOFO in light of the Court's prior determination that Plaintiffs have a strong likelihood of success in their action contesting its legality. *New York v. U.S. Dep't of Just.*, 804 F. Supp. 3d 294, 330 (D.R.I. 2025) ("In life-or-death scenariostimes of crisis when someone faces domestic violence, homelessness, or a mental health crisisit practically goes without**

**saying that there can be no do over and no redress if services are unlawfully denied and someone suffers for it. That of course constitutes irreparable harm.") (cleaned up). As a result, the Court DENIES Defendants' Combined Motion to Dissolve the December 19, 2025 Preliminary Injunctions (ECF No. [89]). So Ordered by District Judge Mary S. McElroy on 2/27/2026. (Potter, Carrie)**

**1:25-cv-00626-MSM-AEM Notice has been electronically mailed to:**

Aaron Dulles      aaron.dulles@mass.gov

Aleeza M. Strubel      aleeza.strubel@ilag.gov, federal@ilag.gov

Aliana Claire Knoepfler      Aliana.Knoepfler@atg.wa.gov

Andrea Alegrett      andrea.alegrett@atg.wa.gov

Andrew M. Ammirati      andrew.ammirati@ct.gov

Andrew R.W. Hughes      andrew.hughes@atg.wa.gov, aliana.knoepfler@atg.wa.gov, amy.hand@atg.wa.gov, christine.truong@atg.wa.gov, comcec@ATG.WA.GOV, cristina.sepe@atg.wa.gov, Crystal.zawadzski@atg.wa.gov, diane.hoosier@atg.wa.gov, ella.frazee@atg.wa.gov, fedlitecf@atg.wa.gov

Anjana Samant      asamant@nmdoj.gov, aserrato@nmdoj.gov, Rgray@nmdoj.gov

Brian Jeffrey Bilford      brian.bilford@doj.ca.gov

Colleen K. Faherty      colleen.faherty@ag.ny.gov

Cristina Sepe      cristina.sepe@atg.wa.gov

David Moskowitz      david.moskowitz@coag.gov, alex.miller@coag.gov

Elena S Meth      elena.meth@ilag.gov, federal@ilag.gov

Hayleigh S Crawford      hayleigh.crawford@azag.gov, acl@azag.gov

Ian Liston      ian.liston@delaware.gov

Jacob Boyer      jacobboyer@pa.gov

James C. Luh      jluh@oag.maryland.gov, rpatillo@oag.state.md.us

Jarrell Mitchell      jarrell.mitchell@doj.ca.gov

Joel Marrero      joel.marrero@doj.ca.gov, Josephine.Martinez@doj.ca.gov

John Bailey      john.bailey@usdoj.gov

Jonathan T. Rose    jonathan.rose@vermont.gov, jessica.mishaan@vermont.gov

Jordan G. Mickman    jmickman@riag.ri.gov, mbedell@riag.ri.gov

Katherine Thompson    kate.thompson@maine.gov

Kathryn M. Sabatini    KSabatini@riag.ri.gov, dkacerik@riag.ri.gov

Lauren Greenawalt    lauren.greenawalt@doj.ca.gov

Leonard Giarrano , IV    lgiarrano@riag.ri.gov, mspooner@riag.ri.gov

Michelle Rita Pascucci    michelle.pascucci@mass.gov

Neil Giovanatti    giovanattin@michigan.gov, harrist19@michigan.gov, jensonm1@michigan.gov, lanel5@michigan.gov, pungl@michigan.gov, sheltone1@michigan.gov

Nita Kumaraswami Klunder    nita.klunder@mass.gov

Nora Q.E. Passamaneck    nora.passamaneck@coag.gov

Pardis Gheibi    pardis.gheibi@usdoj.gov

Peter Roni Goldstone    peter.r.goldstone@usdoj.gov

Rabia Muqaddam    rabia.muqaddam@ag.ny.gov

Rosanna E. Gibson    rose.gibson@delaware.gov

Samuel B. Stratton    sam.stratton@vermont.gov

Scott P. Kennedy    scott.kennedy@doj.oregon.gov

Stephen Thompson    stephen.thompson@ag.ny.gov

Steven Travis Mayo    travis.mayo@ky.gov

William S. Jankowski    william.s.jankowski@usdoj.gov, fedprog.ecf@usdoj.gov

Zane Muller    Zane.Muller@atg.wa.gov

**1:25-cv-00626-MSM-AEM Notice has been delivered by other means to:**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

---

STATE OF WASHINGTON, *et al.*,

Plaintiffs,

      v.

DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT, *et al.*,

Defendants.

---

Case No. 25-cv-626-MSM-AEM

District Judge Mary S. McElroy
Magistrate Judge Amy E. Moses

## <u>NOTICE OF APPEAL</u>

      All Defendants in this action—U.S. Department of Housing and Urban Development and Eric Scott Turner, in his official capacity as Secretary of the U.S. Department of Housing and Urban Development—respectfully provide notice that they hereby appeal to the United States Court of Appeals for the First Circuit the Court's February 27, 2026 Text Order denying Defendants' February 17, 2026 Motion to Dissolve, ECF No. 89, the December 19, 2025 preliminary injunction order entered against Defendants.

DATE: March 2, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

JOHN BAILEY
Counsel to the Assistant Attorney General
Civil Division

App. 14

JOSEPH E. BORSON
Assistant Branch Director

*/s/ William S. Jankowski*
WILLIAM S. JANKOWSKI
D.C. Bar No. 90021524
PARDIS GHEIBI
PETER R. GOLDSTONE
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20530
Tel.: (202) 353-7578
Fax: (202) 616-8640
Email: william.s.jankowski@usdoj.gov

*Attorneys for Defendants*

App. 15

**CERTIFICATE OF SERVICE**

I certify that on March 2, 2026, the above document was filed with the CM/ECF filing system.

/s/ *William S. Jankowski*

App. 16

| | |
|---|---|
| **From:** | cmecf@rid.uscourts.gov |
| **To:** | cmecfnef@rid.uscourts.gov |
| **Subject:** | Activity in Case 1:25-cv-00626-MSM-AEM State of Washington et al v. United States Department of Housing and Urban Development et al Order on Motion to Stay |
| **Date:** | Friday, March 6, 2026 6:39:44 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## U.S. District Court

## District of Rhode Island

## Notice of Electronic Filing

The following transaction was entered on 3/6/2026 at 6:38 PM EST and filed on 3/6/2026

| | |
|---|---|
| **Case Name:** | State of Washington et al v. United States Department of Housing and Urban Development et al |
| **Case Number:** | 1:25-cv-00626-MSM-AEM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**TEXT ORDER: Before the Court is Defendants' Combined Emergency Motion for a Stay of the Preliminary Injunctions Pending Appeal (ECF No. [93]). The Court has considered the arguments in Defendants' Motion and Plaintiffs' Response in Opposition thereto. Notwithstanding Defendants' failure to appeal the Court's order providing Plaintiffs with injunctive relief, (ECF No. [68]), Defendants seek a stay of this preliminary relief pending their appeal of the Court's February 27, 2026 Text Order denying their Motion to Dissolve the December 19, 2025 Preliminary Injunctions. Text Order (Feb. 27, 2026). When evaluating whether to stay an order pending an appeal, the Court must consider: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Does 1-3 v. Mills*, 39 F.4th 20, 24 (1st Cir. 2022) (cleaned up). The Court concludes that Defendants have not met the aforementioned standard. Most notably, the Court concludes that its issuance of a stay at this juncture will substantially injure Plaintiffs by subjecting them to the upheaval and service gaps caused by Defendants' attempt to implement the December 2025 NOFO on an expedited basis. As a result, the Court DENIES Defendants' Combined**

**Emergency Motion for a Stay of the Preliminary Injunctions Pending Appeal (ECF No. [93]. So Ordered by District Judge Mary S. McElroy on 3/6/2026. (Potter, Carrie)**

**1:25-cv-00626-MSM-AEM Notice has been electronically mailed to:**

Aaron Dulles     aaron.dulles@mass.gov

Aleeza M. Strubel     aleeza.strubel@ilag.gov, federal@ilag.gov

Aliana Claire Knoepfler     Aliana.Knoepfler@atg.wa.gov

Andrea Alegrett     andrea.alegrett@atg.wa.gov

Andrew M. Ammirati     andrew.ammirati@ct.gov

Andrew R.W. Hughes     andrew.hughes@atg.wa.gov, aliana.knoepfler@atg.wa.gov, amy.hand@atg.wa.gov, christine.truong@atg.wa.gov, comcec@ATG.WA.GOV, cristina.sepe@atg.wa.gov, Crystal.zawadzski@atg.wa.gov, diane.hoosier@atg.wa.gov, ella.frazee@atg.wa.gov, fedlitecf@atg.wa.gov

Anjana Samant     asamant@nmdoj.gov, aserrato@nmdoj.gov, Rgray@nmdoj.gov

Brian Jeffrey Bilford     brian.bilford@doj.ca.gov

Colleen K. Faherty     colleen.faherty@ag.ny.gov

Cristina Sepe     cristina.sepe@atg.wa.gov

David Moskowitz     david.moskowitz@coag.gov, alex.miller@coag.gov

Elena S Meth     elena.meth@ilag.gov, federal@ilag.gov

Hayleigh S Crawford     hayleigh.crawford@azag.gov, acl@azag.gov

Ian Liston     ian.liston@delaware.gov

Jacob Boyer     jacobboyer@pa.gov

James C. Luh     jluh@oag.maryland.gov, rpatillo@oag.state.md.us

Jarrell Mitchell     jarrell.mitchell@doj.ca.gov

Joel Marrero     joel.marrero@doj.ca.gov, Josephine.Martinez@doj.ca.gov

John Bailey     john.bailey@usdoj.gov

Jonathan T. Rose     jonathan.rose@vermont.gov, jessica.mishaan@vermont.gov

Jordan G. Mickman     jmickman@riag.ri.gov, mbedell@riag.ri.gov

Katherine Thompson     kate.thompson@maine.gov

Kathryn M. Sabatini     KSabatini@riag.ri.gov, dkacerik@riag.ri.gov

Lauren Greenawalt     lauren.greenawalt@doj.ca.gov

Leonard Giarrano , IV     lgiarrano@riag.ri.gov, mspooner@riag.ri.gov

Michelle Rita Pascucci     michelle.pascucci@mass.gov

Neil Giovanatti     giovanattin@michigan.gov, ag-fed-actions@michigan.gov

Nita Kumaraswami Klunder     nita.klunder@mass.gov

Nora Q.E. Passamaneck     nora.passamaneck@coag.gov

Pardis Gheibi     pardis.gheibi@usdoj.gov

Peter Roni Goldstone     peter.r.goldstone@usdoj.gov

Rabia Muqaddam     rabia.muqaddam@ag.ny.gov

Rosanna E. Gibson     rose.gibson@delaware.gov

Samantha Hall     samantha.hall@dc.gov

Samuel B. Stratton     sam.stratton@vermont.gov

Scott P. Kennedy     scott.kennedy@doj.oregon.gov

Stephen Thompson     stephen.thompson@ag.ny.gov

Steven Travis Mayo     travis.mayo@ky.gov

William S. Jankowski     william.s.jankowski@usdoj.gov, fedprog.ecf@usdoj.gov

Zane Muller     Zane.Muller@atg.wa.gov

**1:25-cv-00626-MSM-AEM Notice has been delivered by other means to:**

# U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: 1:25-cv-00626-MSM-AEM

| | |
|---|---|
| State of Washington et al v. United States Department of Housing and Urban Development et al | Date Filed: 11/25/2025 |
| Assigned to: District Judge Mary S. McElroy | Jury Demand: None |
| Referred to: Magistrate Judge Amy E. Moses | Nature of Suit: 899 Other Statutes: Administrative Procedures Act/Review or Appeal of Agency Decision |
| Case in other court: First Circuit, 26-01217 | |
| Cause: 05:551 Administrative Procedure Act | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**State of Washington**                    represented by    **Aliana Claire Knoepfler**
State of Washington Attorney General's Office
800 Fifth Avenue
Ste 200
Seattle, WA 98104
206-464-7744
Email: Aliana.Knoepfler@atg.wa.gov
*ATTORNEY TO BE NOTICED*

**Andrea Alegrett**
Washington State Attorney General's Office
Consumer Protection Division
800 5th Ave
Ste 2000
Seattle, WA 98104
206-464-7744
Email: andrea.alegrett@atg.wa.gov
*ATTORNEY TO BE NOTICED*

**Andrew R.W. Hughes**
State of Washington Attorney General's Office
Complex Litigation
800 Fifth Avenue
Suite 2000
Seattle, WA 98104
206-464-7744
Email: andrew.hughes@atg.wa.gov
*ATTORNEY TO BE NOTICED*

**Cristina Sepe**
Washington State Office of the Attorney General
Solicitor General's Office

App. 20

1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
360-753-7085
Email: cristina.sepe@atg.wa.gov
*ATTORNEY TO BE NOTICED*

**Zane Muller**
Washington State Attorney General's Office
Complex Litigation
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
360-709-6470
Email: Zane.Muller@atg.wa.gov
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of New York**                          represented by   **Colleen K. Faherty**
NYS Office of The Attorney General
Executive Division - Office of Federal
Initiatives
28 Liberty St.
18th Floor
New York, NY 10005
212-416-6046
Fax: 212-416-6009
Email: colleen.faherty@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Rabia Muqaddam**
NYS Office of The Attorney General
28 Liberty St.
New York, NY 10005
917-715-4172
Email: rabia.muqaddam@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Stephen Thompson**
Office of the New York State Attorney
General
28 Liberty Street
New York, NY 10005
212-416-6183
Email: stephen.thompson@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Andrew R.W. Hughes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Rhode Island**                      represented by   **Jordan G. Mickman**
RI Department of Attorney General
150 South Main Street

Providence, RI 02903
401-274-4400
Email: jmickman@riag.ri.gov
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
RI Department of Attorney General
150 South Main Street
Providence, RI 02903
401-274-4400
Email: lgiarrano@riag.ri.gov
*ATTORNEY TO BE NOTICED*

**Andrew R.W. Hughes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn M. Sabatini**
Rhode Island Attorney General
150 South Main Street
Providence, RI 02906
401-274-4400
Email: KSabatini@riag.ri.gov
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**State of Arizona**          represented by  **Hayleigh S Crawford**
Arizona Attorney General's Office
Solicitor General's Office
2005 N Central Ave
Ste 6th Floor
Phoenix, AZ 85004
602-542-8255
Email: hayleigh.crawford@azag.gov
*ATTORNEY TO BE NOTICED*

**Andrew R.W. Hughes**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**State of California**         represented by  **Brian Jeffrey Bilford**
California Department of Justice
Division of Public Rights, Civil Rights
Enforcement Section
300 South Spring Street
Los Angeles, CA 90013
213-269-6341
Email: brian.bilford@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Jarrell Mitchell**
Office of The Attorney General
Civil Rights Enforcement Section

300 South Spring Street
Suite 1702
Los Angeles, CA 90013
213-269-6562
Email: jarrell.mitchell@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Joel Marrero**
California Department of Justice
300 South Spring Street
320
Los Angeles, CA 90013
213-655-8839
Email: joel.marrero@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Lauren Greenawalt**
Office of the Attorney General
Civil Rights Enforcement Section
300 S Spring St
Ste 1700
Los Angeles, CA 90013
206-913-3326
Email: lauren.greenawalt@doj.ca.gov
*ATTORNEY TO BE NOTICED*

**Andrew R.W. Hughes**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

<u>**State of Colorado**</u>                 represented by **David Moskowitz**
Colorado Department of Law
Ralph L. Carr Judicial Building
1300 Broadway, 10th Floor
Denver, CO 80203
720-508-6784
Email: david.moskowitz@coag.gov
*ATTORNEY TO BE NOTICED*

**Nora Q.E. Passamaneck**
Colorado Department of Law
1300 Broadway
10th Floor
Denver, CO 80203
720-508-6633
Email: nora.passamaneck@coag.gov
*ATTORNEY TO BE NOTICED*

**Andrew R.W. Hughes**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

| | | |
|---|---|---|
| **State of Connecticut** | represented by | **Andrew M. Ammirati**<br>Office of the Attorney General<br>165 Capitol Avenue<br>Hartford, CT 06106<br>860-808-5090<br>Email: andrew.ammirati@ct.gov<br>*ATTORNEY TO BE NOTICED*<br><br>**Andrew R.W. Hughes**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **State of Delaware** | represented by | **Ian Liston**<br>Delaware Department of Justice<br>Fraud and Consumer Protection Division,<br>White Collar Crime U<br>721 Greenwood Road<br>Wilmington, DE 19807<br>302-683-8875<br>Email: ian.liston@delaware.gov<br>*ATTORNEY TO BE NOTICED*<br><br>**Rosanna E. Gibson**<br>Delaware Department of Justice<br>State Office Building<br>820 North French Street<br>Wilmongton, DE 19801<br>503-703-1897<br>Email: rose.gibson@delaware.gov<br>*ATTORNEY TO BE NOTICED*<br><br>**Andrew R.W. Hughes**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **District of Columbia** | represented by | **Samantha Hall**<br>District of Columbia Office of the Attorney<br>General<br>400 6th St. NW<br>Washington, DC 20001<br>202-788-2081<br>Email: samantha.hall@dc.gov<br>*ATTORNEY TO BE NOTICED*<br><br>**Andrew R.W. Hughes**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **State of Illinois** | represented by | **Aleeza M. Strubel**<br>Illinois Attorney General's Office |

Special Litigation
115 S. LaSalle
Chicago, IL 60603
312-814-3000
Fax: 312-814-4452
Email: aleeza.strubel@ilag.gov
*ATTORNEY TO BE NOTICED*

**Elena S Meth**
Office of the Illinois Attorney General
115 S. LaSalle St
Chicago, IL 60603
773-835-0182
Email: elena.meth@ilag.gov
*ATTORNEY TO BE NOTICED*

**Andrew R.W. Hughes**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Office of the Governor ex rel. Andy Beshear**
*in His Official Capacity as Governor of the Commonwealth of Kentucky*

represented by **Steven Travis Mayo**
Office of the Governor
Office of General Counsel
501 High Street
Frankfort, KY 40601
502-564-2611
Fax: 502-564-3858
Email: travis.mayo@ky.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew R.W. Hughes**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**State of Maine**

represented by **Katherine Thompson**
Office of the Maine Attorney General
Litigation Division
6 State House Station
Augusta, ME 04333
207-626-8455
Email: kate.thompson@maine.gov
*ATTORNEY TO BE NOTICED*

**Andrew R.W. Hughes**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**State of Maryland**

represented by **James C. Luh**
Office of the Attorney General- State of Maryland

App. 25

Federal Accountability Unit
200 Saint Paul Place
Baltimore, MD 21202
410-576-6411
Email: jluh@oag.maryland.gov
*ATTORNEY TO BE NOTICED*

**Andrew R.W. Hughes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Commonwealth of Massachusetts**             represented by  **Aaron Dulles**
Massachusetts Attorney General's Office
1441 Main Street
Suite 1200
Springfield, MA 01103
413-523-7703
Email: aaron.dulles@mass.gov
*ATTORNEY TO BE NOTICED*

**Michelle Rita Pascucci**
Massachusetts Office of the Attorney
General
State Trial Counsel
1 Ashburton Place
Boston, MA 02108
617-963-2255
Email: michelle.pascucci@mass.gov
*ATTORNEY TO BE NOTICED*

**Nita Kumaraswami Klunder**
Massachusetts Attorney General's Office
Office of State Trial Counsel
One Ashburton Place
Boston, MA 02108
617-963-2394
Email: nita.klunder@mass.gov
*ATTORNEY TO BE NOTICED*

**Andrew R.W. Hughes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Michigan**                         represented by  **Neil Giovanatti**
Michigan Department of Attorney General
525 W. Ottawa Street
P.O. Box 30758
Lansing, MI 48909
517-335-7603
Email: giovanattin@michigan.gov
*ATTORNEY TO BE NOTICED*

Andrew R.W. Hughes
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Minnesota**                    represented by    Andrew R.W. Hughes
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of New Jersey**                   represented by    Andrew R.W. Hughes
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Oregon**                       represented by    Scott P. Kennedy
Oregon Department of Justice
100 SW Market St.
Portland, OR 97201
971-673-1880
Email: scott.kennedy@doj.oregon.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Andrew R.W. Hughes
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Josh Governor Shapiro**                 represented by    Jacob Boyer
*in His Capacity as Governor of the*                        Office of General Counsel
*Commonwealth of Pennsylvania*                              30 North Third Street
Suite 200
Harrisburg, PA 17101
717-460-6786
Email: jacobboyer@pa.gov
*ATTORNEY TO BE NOTICED*

Andrew R.W. Hughes
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Vermont**                      represented by    Jonathan T. Rose
Office of the Attorney General
Appellate Unit
109 State Street
Montpelier, VT 05609
802-793-1646
Email: jonathan.rose@vermont.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Samuel B. Stratton
Office of the Vermont Attorney General
Appellate Unit
109 State Street
Montpelier, VT 05609
781-507-3019
Email: sam.stratton@vermont.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew R.W. Hughes**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**State of Wisconsin**                    represented by  **Andrew R.W. Hughes**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**State of New Mexico**                   represented by  **Anjana Samant**
NM Department of Justice
408 Galisteo St
Santa Fe, NM 87501
505-270-4332
Email: asamant@nmdoj.gov
*ATTORNEY TO BE NOTICED*

**Andrew R.W. Hughes**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

<u>Defendant</u>

**United States Department of Housing and**   represented by  **John Bailey**
**Urban Development**                                       DOJ-Civ
U.S. Department of Justice, Civil Division
950 Pennsylvania Ave NW
Ste 3618
Washington, DC 20530
202-514-6993
Email: john.bailey@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Pardis Gheibi**
DOJ-Civ
Civil Division, Federal Programs Branch
1100 L Street NW
Room 11526
Washington, DC 20005
202-305-3246
Email: pardis.gheibi@usdoj.gov

*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
DOJ-Civ
Civil Division, Federal Programs Branch
1100 L Street NW
Ste 11516
Washington, DC 20005
202-598-0912
Email: peter.r.goldstone@usdoj.gov
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
DOJ-Civ
Civil Division, Federal Programs Branch
1100 L St NW
Washington, DC 20530
202-353-7578
Email: william.s.jankowski@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Eric Scott Turner** *in His Official Capacity as Secretary of the United States Department of Housing and Urban Development* | represented by | **John Bailey** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Pardis Gheibi** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **Peter Roni Goldstone** (See above for address) *ATTORNEY TO BE NOTICED* |
| | | **William S. Jankowski** (See above for address) *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 11/25/2025 | 1 | COMPLAINT ( filing fee paid $ 405.00, receipt number ARIDC-2213743 ), filed by State of Rhode Island. (Attachments: # 1 Civil Cover Sheet, # 2 HUD Summons, # 3 Turner Summons)(Sabatini, Kathryn) (Entered: 11/25/2025) |
| 11/25/2025 | | CASE CONDITIONALLY ASSIGNED to District Judge Mary S. McElroy and Magistrate Judge Amy E. Moses. Related Case Number 1:25-cv-447-MSM-AEM. Assignment based upon the indication on the cover sheet that a related case previously was assigned to the presiding judge. The assignment is subject to the presiding judge's determination that the cases, in fact, are related. (Gonzalez Gomez, Viviana) (Entered: 11/25/2025) |
| 11/25/2025 | 2 | CASE OPENING NOTICE ISSUED. (Gonzalez Gomez, Viviana) (Entered: 11/25/2025) |
| 11/25/2025 | | TEXT ORDER: Pursuant to LR Gen 101(c), the Court suspends LR Gen 201(a) and any attorney employed by a State or the District of Columbia and is a member in good standing |

| | | |
|---|---|---|
| | | of the bar of another federal district court and each jurisdiction in which that attorney has been admitted may appear and practice in this matter without being admitted pro hac vice. Attorneys appearing on behalf of the States and the District of Columbia are directed to obtain filing privileges via PACER and to enter their appearances. So Ordered by District Judge Mary S. McElroy on 11/25/2025. (Potter, Carrie) (Entered: 11/25/2025) |
| 11/25/2025 | 3 | NOTICE of Appearance by Stephen Thompson on behalf of State of New York (Thompson, Stephen) (Entered: 11/25/2025) |
| 11/25/2025 | 4 | NOTICE of Appearance by Jonathan T. Rose on behalf of State of Vermont (Rose, Jonathan) (Entered: 11/25/2025) |
| 11/25/2025 | 5 | NOTICE of Appearance by Rabia Muqaddam on behalf of State of New York (Muqaddam, Rabia) (Entered: 11/25/2025) |
| 11/25/2025 | 6 | NOTICE of Appearance by Andrew R.W. Hughes on behalf of State of Washington (Hughes, Andrew) (Entered: 11/25/2025) |
| 11/25/2025 | 7 | NOTICE of Appearance by Cristina Sepe on behalf of State of Washington (Sepe, Cristina) (Entered: 11/25/2025) |
| 11/25/2025 | 8 | NOTICE of Appearance by Zane Muller on behalf of State of Washington (Muller, Zane) (Entered: 11/25/2025) |
| 11/25/2025 | 9 | NOTICE of Appearance by Colleen K. Faherty on behalf of State of New York (Faherty, Colleen) (Entered: 11/25/2025) |
| 11/25/2025 | 10 | NOTICE of Appearance by James C. Luh on behalf of State of Maryland (Luh, James) (Entered: 11/25/2025) |
| 11/25/2025 | 11 | MOTION for Preliminary Injunction filed by All Plaintiffs. **Responses due by 12/9/2025.** (Hughes, Andrew) (Entered: 11/25/2025) |
| 11/25/2025 | 12 | DECLARATION re 11 MOTION for Preliminary Injunction *Andrew R.W. Hughes* by All Plaintiffs. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Hughes, Andrew) (Entered: 11/25/2025) |
| 11/25/2025 | 13 | DECLARATION re 11 MOTION for Preliminary Injunction *Index of Declarations in Support of Plaintiff States' Motion for Preliminary Injunction* by All Plaintiffs. (Attachments: # 1 Nicholas Mondau, # 2 Richard Umholtz, # 3 Richard Johns, # 4 Alexandra Warren, # 5 Pascale Leone, # 6 Carol Ventura, # 7 Tyler Jaeckel, # 8 Nancy Navarretta, # 9 Matthew Heckles, # 10 Rachel Stucker, # 11 Jennifer Min, # 12 Christine Haley, # 13 Winifred (Wendy) Kaye Smith, # 14 Greg Payne, # 15 Sarah Squirrell, # 16 Danielle Meister, # 17 Karen R. Byron, # 18 Paula Kaiser Van Dam, # 19 Sarah Rennie, # 20 Jennifer Leimaile Ho, # 21 Janel Winter, # 22 Catherine Brewster, # 23 Marc Jolin, # 24 Stephanie Meyer, # 25 Richard P. Vilello, Jr., # 26 Lily Sojourner, # 27 Mark Staff, # 28 Zachary Olmstead, # 29 Meghan Marshall)(Hughes, Andrew) (Entered: 11/25/2025) |
| 11/26/2025 | 14 | NOTICE of Appearance by Neil Giovanatti on behalf of State of Michigan (Giovanatti, Neil) (Entered: 11/26/2025) |
| 11/26/2025 | 15 | NOTICE of Appearance by Jacob Boyer on behalf of Josh Governor Shapiro (Boyer, Jacob) (Entered: 11/26/2025) |
| 11/26/2025 | 16 | NOTICE of Appearance by Katherine Thompson on behalf of State of Maine (Thompson, Katherine) (Entered: 11/26/2025) |
| 11/26/2025 | 17 | NOTICE of Appearance by Aaron Dulles on behalf of Commonwealth of Massachusetts (Dulles, Aaron) (Entered: 11/26/2025) |

| | | |
|---|---|---|
| 11/26/2025 | 18 | NOTICE of Appearance by David Moskowitz on behalf of State of Colorado (Moskowitz, David) (Entered: 11/26/2025) |
| 11/26/2025 | 19 | NOTICE of Appearance by Nora Q.E. Passamaneck on behalf of State of Colorado (Passamaneck, Nora) (Entered: 11/26/2025) |
| 12/01/2025 | 20 | Summons Issued as to Eric Scott Turner, United States Department of Housing and Urban Development. (Attachments: # 1 Summons Issued as to Turner) (Gonzalez Gomez, Viviana) (Entered: 12/01/2025) |
| 12/01/2025 | 21 | NOTICE of Appearance by Aleeza M. Strubel on behalf of State of Illinois (Strubel, Aleeza) (Entered: 12/01/2025) |
| 12/01/2025 | 22 | NOTICE of Appearance by Elena S Meth on behalf of State of Illinois (Meth, Elena) (Entered: 12/01/2025) |
| 12/01/2025 | 23 | NOTICE of Appearance by Andrea Alegrett on behalf of State of Washington (Alegrett, Andrea) (Entered: 12/01/2025) |
| 12/02/2025 | 24 | NOTICE of Appearance by Rosanna E. Gibson on behalf of State of Delaware (Gibson, Rosanna) (Entered: 12/02/2025) |
| 12/02/2025 | 25 | NOTICE of Appearance by Ian Liston on behalf of State of Delaware (Liston, Ian) (Entered: 12/02/2025) |
| 12/02/2025 | | NOTICE of Hearing: Status Conference set for 12/5/2025 at 02:00 PM via Zoom before District Judge Mary S. McElroy. Counsel of record will receive Zoom information via email. The public can visit rid.uscourts.gov for additional information. (Potter, Carrie) (Entered: 12/02/2025) |
| 12/02/2025 | | NOTICE of Hearing: Status Conference set for 12/5/2025 at 02:30 PM via Zoom before District Judge Mary S. McElroy. Zoom information sent to counsel via email. PLEASE NOTE TIME CHANGE ONLY. (Potter, Carrie) (Entered: 12/02/2025) |
| 12/02/2025 | 26 | NOTICE of Appearance by Michelle Rita Pascucci on behalf of Commonwealth of Massachusetts (Pascucci, Michelle) (Entered: 12/02/2025) |
| 12/03/2025 | 27 | NOTICE of Appearance by Joel Marrero on behalf of State of California (Marrero, Joel) (Entered: 12/03/2025) |
| 12/03/2025 | 28 | NOTICE of Appearance by Joel Marrero on behalf of State of California (Marrero, Joel) (Entered: 12/03/2025) |
| 12/03/2025 | 29 | NOTICE of Appearance by Joel Marrero on behalf of State of California (Marrero, Joel) (Entered: 12/03/2025) |
| 12/03/2025 | 30 | NOTICE of Appearance by Joel Marrero on behalf of State of California (Marrero, Joel) (Entered: 12/03/2025) |
| 12/03/2025 | 31 | NOTICE of Appearance by Joel Marrero on behalf of State of California (Marrero, Joel) (Entered: 12/03/2025) |
| 12/03/2025 | 32 | NOTICE of Appearance by Hayleigh S Crawford on behalf of State of Arizona (Crawford, Hayleigh) (Entered: 12/03/2025) |
| 12/04/2025 | 33 | NOTICE of Appearance by Scott P. Kennedy on behalf of State of Oregon (Kennedy, Scott) (Entered: 12/04/2025) |
| 12/05/2025 | 34 | NOTICE of Appearance by Pardis Gheibi on behalf of All Defendants (Gheibi, Pardis) (Entered: 12/05/2025) |

| | | |
|---|---|---|
| 12/05/2025 | 35 | SUMMONS Returned Executed by State of Rhode Island. Eric Scott Turner served on 12/3/2025, answer due 12/24/2025; United States Department of Housing and Urban Development served on 12/3/2025, answer due 12/24/2025. (Attachments: # 1 Summons Executed - Eric Scott Turner)(Sabatini, Kathryn) (Entered: 12/05/2025) |
| 12/05/2025 | | Minute Entry for proceedings held before District Judge Mary S. McElroy: In Chambers Conference held on 12/5/2025: M. Levin-Gesundheit, L. Labinger, K. Sabatini, P. Gheibi, Z. Muller, A. Romero, K. Hubbard, A. Alegrett, C. Flaxman, C. Crawford, S. Thompson, A. Getachew, C. Sepe, M. Gitoman, D. Hackett, A. Hughes, C. Faherty, G. Provost and K. Meyer Scott in attendance. Parties agree to convert Motion to Preliminary Injunction to a Motion for Temporary Restraining Order and a Preliminary Injunction. Court to hear Motion for TRO on 12/8/2025 at 3:30 pm. Responses to Motion to Preliminary Injunction due 12/15/2025 in both CV25-626 and CV25-636. Order to enter. ( Zoom at 2:30 pm.) (Potter, Carrie) (Entered: 12/05/2025) |
| 12/05/2025 | | Text Order: By agreement of the parties during the 12/5/2025 conference, the Court converts the Motion to Preliminary Injunction to a Motion for Temporary Restraining Order and a Preliminary Injunction. Court to hear Motion for TRO on 12/8/2025 at 3:30 pm. Responses to Motion for Preliminary Injunction due 12/15/2025 in both CV25-626 and CV25-636. So Ordered by District Judge Mary S. McElroy on 12/5/2025. (Potter, Carrie) (Entered: 12/05/2025) |
| 12/05/2025 | | NOTICE of Hearing on Motion for Temporary Restraining Order. Motion Hearing set for 12/8/2025 at 03:30 PM via Zoom before District Judge Mary S. McElroy. Counsel shall use link previously provided via email. The public may view the hearing via the Court's YouTube stream. Please visit rid.uscourts.gov for more information. (Potter, Carrie) (Entered: 12/05/2025) |
| 12/05/2025 | 36 | NOTICE of Appearance by Jarrell Mitchell on behalf of State of California (Mitchell, Jarrell) (Entered: 12/05/2025) |
| 12/05/2025 | 37 | DECLARATION re 11 MOTION for Preliminary Injunction *Mary McGeown* by All Plaintiffs. (Hughes, Andrew) (Entered: 12/05/2025) |
| 12/08/2025 | 38 | NOTICE of Appearance by Peter Roni Goldstone on behalf of Eric Scott Turner, United States Department of Housing and Urban Development (Goldstone, Peter) (Entered: 12/08/2025) |
| 12/08/2025 | 39 | DECLARATION re 11 MOTION for Preliminary Injunction *Ruby Dhillon-Williams* by All Plaintiffs. (Hughes, Andrew) (Entered: 12/08/2025) |
| 12/08/2025 | 40 | DECLARATION re 11 MOTION for Preliminary Injunction *Ruby Dhillon-Williams* by All Plaintiffs. (Hughes, Andrew) (Entered: 12/08/2025) |
| 12/08/2025 | 41 | NOTICE by Eric Scott Turner, United States Department of Housing and Urban Development *NOTICE OF WITHDRAWAL OF THE CHALLENGED 2025 NOTICE OF FUNDING OPPORTUNITY* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gheibi, Pardis) (Entered: 12/08/2025) |
| 12/08/2025 | 42 | NOTICE of Appearance by Andrew M. Ammirati on behalf of State of Connecticut (Ammirati, Andrew) (Entered: 12/08/2025) |
| 12/08/2025 | | Minute Entry for proceedings held before District Judge Mary S. McElroy: Motion Hearing held on 12/8/2025 11 MOTION for TRO: A. Getachew, A. Romero, A. Hughes, A. Fasanelli, C. Flaxman, C. Crawford, C. Flaherty, C. Sepe, K. Sabatini, K. Meyer-Scott, K. Bateman, L. Labinger, M. Gitomer, M. Levin-Gesundheit, P.R. Gladstone, P. Gheibi, S. Thompson, Z. Muller. Court addresses the parties; parties respond. Defendants advise that NOFO 25 has been withdraw. Parties argue. Defendants are to file their response to 11 |

| | | |
|---|---|---|
| | | Motion for Preliminary Injunction by 12/15/2025. Replies are due 12/17/2025. Hearing to be held on 12/19/2025 at 10:00 am. Court orders HUD to file administrative record by 12/15/2025. Defense asks for additional time. Court declines to give additional time, however, if record not available, it must be addressed in response. Recess. (Court Reporter D. Veitch in Courtroom Zoom at 3:30 pm.) (Potter, Carrie) (Entered: 12/08/2025) |
| 12/08/2025 | | NOTICE of Hearing on Motion 11 MOTION for Preliminary Injunction :Motion Hearing set for 12/19/2025 at 10:00 AM via Zoom before District Judge Mary S. McElroy. Counsel will receive Zoom link via email. The public may view the hearing via the Court's YouTube stream. Please visit rid.uscourts.gov for more information. (Potter, Carrie) (Entered: 12/08/2025) |
| 12/08/2025 | 43 | TRANSCRIPT ORDER for proceedings held on 12/8/2025 before Judge McElroy. Ordinary Transcript delivery selected. Transcript to be delivered in 30 days. (Attachments: # 1 Email) (Gonzalez Gomez, Viviana) (Entered: 12/08/2025) |
| 12/09/2025 | 44 | TRANSCRIPT ORDER for proceedings held on 12/08/2025 before Judge Mary S. McElroy. <span style="color:red">Expedited Transcript selected.</span> Transcript to be delivered within 7 calendar days.. (Bolan, Kevin) (Entered: 12/09/2025) |
| 12/09/2025 | 45 | TRANSCRIPT ORDER ACKNOWLEDGMENT Entered re: 43 Transcript Order, 44 Transcript Order. Court Reporter/Transcriber: Denise Veitch. (Dias, Jennifer) (Entered: 12/09/2025) |
| 12/10/2025 | 46 | NOTICE of Appearance by Steven Travis Mayo on behalf of Office of the Governor ex rel. Andy Beshear (Mayo, Steven) (Entered: 12/10/2025) |
| 12/10/2025 | 47 | TRANSCRIPT of Motion for Temporary Restraining Order, held on December 8, 2025, before District Judge Mary S. McElroy. Court Reporter Denise P. Veitch, Telephone number (401) 752-7031. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. <span style="color:red">NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the Case Information menu option</span>. Redaction Request due 12/31/2025. Redacted Transcript Deadline set for 1/12/2026. Release of Transcript Restriction set for 3/10/2026. (Veitch, Denise) (Entered: 12/10/2025) |
| 12/11/2025 | 48 | AMENDED COMPLAINT against All Defendants, filed by Office of the Governor ex rel. Andy Beshear, State of Wisconsin, State of Connecticut, State of New York, State of New Jersey, State of Washington, State of Oregon, State of Minnesota, State of Maryland, State of Colorado, State of Rhode Island, District of Columbia, State of Maine, State of Vermont, Commonwealth of Massachusetts, State of Michigan, State of Delaware, State of Arizona, Josh Governor Shapiro, State of Illinois, State of California, State of New Mexico.(Hughes, Andrew) (Entered: 12/11/2025) |
| 12/12/2025 | 49 | MOTION for Leave to File Document *PLAINTIFF STATES MOTION FOR LEAVE TO SUPPLEMENT MOTION FOR PRELIMINARY INJUNCTION* filed by State of Washington. <span style="color:red">Responses due by 12/26/2025.</span> (Attachments: # 1 Supplement Second Declaration of Nicholas Mondau, # 2 Supplement Declaration of Pascale Leone)(Hughes, Andrew) (Entered: 12/12/2025) |
| 12/15/2025 | 50 | NOTICE of Appearance by William S. Jankowski on behalf of All Defendants (Jankowski, William) (Entered: 12/15/2025) |
| 12/15/2025 | 51 | NOTICE of Appearance by John Bailey on behalf of All Defendants (Bailey, John) (Entered: 12/15/2025) |

| | | |
|---|---|---|
| 12/15/2025 | [52](#) | NOTICE of Appearance by Anjana Samant on behalf of State of New Mexico (Samant, Anjana) (Entered: 12/15/2025) |
| 12/15/2025 | [53](#) | NOTICE of Appearance by Lauren Greenawalt on behalf of State of California (Greenawalt, Lauren) (Entered: 12/15/2025) |
| 12/15/2025 | [54](#) | NOTICE by Eric Scott Turner, United States Department of Housing and Urban Development *PARTIAL ADMINISTRATIVE RECORD* (Gheibi, Pardis) (Entered: 12/15/2025) |
| 12/15/2025 | [55](#) | RESPONSE In Opposition to [11](#) MOTION for Preliminary Injunction , [49](#) MOTION for Leave to File Document *PLAINTIFF STATES MOTION FOR LEAVE TO SUPPLEMENT MOTION FOR PRELIMINARY INJUNCTION* filed by All Defendants. **Replies due by 12/22/2025.** (Attachments: # [1](#) Exhibit A, # [2](#) Exhibit B, # [3](#) Exhibit C)(Gheibi, Pardis) (Entered: 12/15/2025) |
| 12/15/2025 | [56](#) | NOTICE by Eric Scott Turner, United States Department of Housing and Urban Development *REGARDING TIMELINE OF THE ADMINISTRATIVE RECORD* (Gheibi, Pardis) (Entered: 12/15/2025) |
| 12/16/2025 | | TEXT ORDER granting [49](#) Motion for Leave to File. So Ordered by District Judge Mary S. McElroy on 12/16/2025. (Potter, Carrie) (Entered: 12/16/2025) |
| 12/17/2025 | [57](#) | DECLARATIONS in Support of [11](#) MOTION for Preliminary Injunction by All Plaintiffs. (Attachments: # [1](#) Dec)(Potter, Carrie) (Entered: 12/17/2025) |
| 12/17/2025 | [58](#) | REPLY to Response re [55](#) Response to Motion, *Reply in Support of Motion for Preliminary Injunction* filed by All Plaintiffs. (Hughes, Andrew) (Entered: 12/17/2025) |
| 12/17/2025 | [59](#) | DECLARATION re [58](#) Reply to Response *Corrin Buchanan* by All Plaintiffs. (Hughes, Andrew) (Entered: 12/17/2025) |
| 12/17/2025 | [60](#) | DECLARATION re [58](#) Reply to Response *Sarita Nair* by All Plaintiffs. (Hughes, Andrew) (Entered: 12/17/2025) |
| 12/18/2025 | [61](#) | NOTICE of Appearance by Nita Kumaraswami Klunder on behalf of Commonwealth of Massachusetts (Klunder, Nita) (Entered: 12/18/2025) |
| 12/19/2025 | [62](#) | NOTICE of Appearance by Brian Jeffrey Bilford on behalf of State of California (Bilford, Brian) (Entered: 12/19/2025) |
| 12/19/2025 | [63](#) | TRANSCRIPT ORDER for proceedings held on 12/19/2025 before Judge McElroy. Daily Transcript selected. Transcript to be delivered following adjournment and prior to the normal opening hour of court on the following morning.. (Bolan, Kevin) (Entered: 12/19/2025) |
| 12/19/2025 | [64](#) | Joint MOTION to Expedite *Partial Summary Judgment Briefing* filed by All Defendants. **Responses due by 1/2/2026.** (Jankowski, William) (Entered: 12/19/2025) |
| 12/19/2025 | [65](#) | TRANSCRIPT ORDER ACKNOWLEDGMENT Entered re: [63](#) Transcript Order,. Daily Transcript Ordered. Court Reporter/Transcriber: Denise Veitch. (Dias, Jennifer) (Entered: 12/19/2025) |
| 12/19/2025 | | Minute Entry for proceedings held before District Judge Mary S. McElroy: Motion Hearing held on 12/19/2025 re [11](#) MOTION for Preliminary Injunction : Z. Muller, K. Bateman and J. Bailey arguing. Court questions the parties, parties respond. Parties argue motions. For reasons stated on the record, the Court grants the motions. Parties to prepare a proposed order. Recess. (Court Reporter D. Veitch in Courtroom Zoom at 10:00 am.) (Potter, Carrie) (Entered: 12/19/2025) |

| | | |
|---|---|---|
| 12/19/2025 | 66 | NOTICE by Eric Scott Turner, United States Department of Housing and Urban Development *NOTICE OF PUBLICATION OF NEW 2025 NOFO* (Attachments: # 1 Exhibit A (New 2025 NOFO), # 2 Exhibit B (New 2025 NOFO Website Publication)) (Jankowski, William) (Entered: 12/19/2025) |
| 12/22/2025 | | NOTICE of Hearing: Status Conference set for 12/22/2025 at 02:00 PM via Zoom before District Judge Mary S. McElroy. **This conference is for counsel only**. Counsel to received zoom information via email. (Potter, Carrie) (Entered: 12/22/2025) |
| 12/22/2025 | 67 | TRANSCRIPT ORDER for proceedings held on 12/22/2025 before Judge Judge McElroy. Daily Transcript selected. Transcript to be delivered following adjournment and prior to the normal opening hour of court on the following morning.. (Bolan, Kevin) (Entered: 12/22/2025) |
| 12/22/2025 | | Minute Entry for proceedings held before District Judge Mary S. McElroy: Status Conference held on 12/22/2025. J. Bailey, W. Jankowski, C. Faherty, C. Flaxman, C. Coggle, J. Whitaker, K. Hubbard, A. Leggett, A. Hughes, C. Crawford, A. Romero, M. Levin-Gesundheit, K. Sabatini, K, Bateman, A, Knowpfler, Z. Muller, A. Holcomb, A. Getachew, G. Provost, M. Gitoman, L. Arzy, A. Geroge, K. Narayan in attendance. (Zoom at 2:00 pm.) (Potter, Carrie) (Entered: 12/22/2025) |
| 12/22/2025 | | TRANSCRIPT ORDER RESCINDED re: 67 Transcript Order, The Court Reporter certifies the transcript order is unable to be fulfilled for the following reasons: Hearing was not recorded. (Dias, Jennifer) (Entered: 12/22/2025) |
| 12/23/2025 | 68 | ORDER for Relief Under 5 U.S.C. § 705 and for Preliminary Injunction. So Ordered by District Judge Mary S. McElroy on 12/23/2025. (Attachments: # 1 Appendix) (Potter, Carrie) (Entered: 12/23/2025) |
| 12/23/2025 | | TEXT ORDER granting 64 Motion to Expedite.<br><br>12/29/2025 - Defendants produce the remaining portion of the administrative record pertaining to the rescission of the FY24-FY25 CoC NOFO;<br><br>1/7/2026 - Plaintiffs' Motion for Summary Judgment;<br><br>1/16/2026 - Defendants' Combined Opposition and Cross-Motion for Summary Judgment;<br><br>1/23/2026 - Plaintiffs' Combined Reply and Opposition;<br><br>1/29/2026 - Defendants' Reply. So Ordered by District Judge Mary S. McElroy on 12/23/2025. (Potter, Carrie) (Entered: 12/23/2025) |
| 12/23/2025 | 69 | NOTICE of Appearance by Leonard Giarrano, IV on behalf of State of Rhode Island (Giarrano, Leonard) (Entered: 12/23/2025) |
| 12/23/2025 | 70 | NOTICE by Eric Scott Turner, United States Department of Housing and Urban Development *OF COMPLIANCE WITH PARAGRAPH 7 OF THE PRELIMINARY INJUNCTION ORDER* (Jankowski, William) (Entered: 12/23/2025) |
| 12/29/2025 | 71 | TRANSCRIPT of Motions for Preliminary Injunction, held on December 19, 2025, before District Judge Mary S. McElroy. Court Reporter Denise P. Veitch, Telephone number (401)752-7031. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. **NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the** |

| | | |
|---|---|---|
| | | **Case Information menu option**. Redaction Request due 1/20/2026. Redacted Transcript Deadline set for 1/29/2026. Release of Transcript Restriction set for 3/30/2026. (Veitch, Denise) (Entered: 12/29/2025) |
| 12/29/2025 | [72](#) | ADMINISTRATIVE RECORD filed *(Partial Administrative Record regarding rescission of FY24-25 NOFO)* by Eric Scott Turner, United States Department of Housing and Urban Development. (Attachments: # [1](#) Index, # [2](#) Partial Administrative Record (Rescission of FY24-25 NOFO))(Jankowski, William) (Entered: 12/29/2025) |
| 12/30/2025 | [73](#) | Joint MOTION to Amend/Correct *Schedule for Expedited Summary Judgment Briefing* filed by All Defendants. **Responses due by 1/13/2026.** (Jankowski, William) (Entered: 12/30/2025) |
| 12/30/2025 | [74](#) | NOTICE by Eric Scott Turner, United States Department of Housing and Urban Development *OF COMPLIANCE WITH PARAGRAPH 8 OF THE PRELIMINARY INJUNCTION ORDER* (Attachments: # [1](#) Exhibit A (FY24-25 CoC NOFO Implementation Plan))(Jankowski, William) (Entered: 12/30/2025) |
| 12/30/2025 | [75](#) | TRANSCRIPT ORDER for proceedings held on December 19, 2025 before Judge Mary S. McElroy. Daily Transcript selected. Transcript to be delivered following adjournment and prior to the normal opening hour of court on the following morning.. (Muller, Zane) (Entered: 12/30/2025) |
| 12/31/2025 | [76](#) | ADMINISTRATIVE RECORD filed by Eric Scott Turner, United States Department of Housing and Urban Development. (Attachments: # [1](#) Supplement Administrative Record, part 2, # [2](#) Supplement Administrative Record, part 3, # [3](#) Supplement Administrative Record, part 4, # [4](#) Supplement Administrative Record, part 5, # [5](#) Affidavit Certification of Administrative Record, # [6](#) Appendix Index to Administrative Record)(Goldstone, Peter) (Entered: 12/31/2025) |
| 01/06/2026 | [77](#) | Joint MOTION for an Extension of Time to File *NOTICE OF COMPLIANCE WITH PARAGRAPH 9 OF THE PRELIMINARY INJUNCTION ORDER* filed by All Defendants. **Responses due by 1/20/2026.** (Jankowski, William) (Entered: 01/06/2026) |
| 01/06/2026 | | TEXT ORDER granting [77](#) Motion for Extension of Time. So Ordered by District Judge Mary S. McElroy on 1/6/2026. (Potter, Carrie) (Entered: 01/06/2026) |
| 01/08/2026 | [78](#) | NOTICE by Eric Scott Turner, United States Department of Housing and Urban Development *OF COMPLIANCE WITH PARAGRAPH 9 OF THE PRELIMINARY INJUNCTION ORDER* (Attachments: # [1](#) Exhibit A (FY24-25 CoC NOFO Update to Recipients))(Jankowski, William) (Entered: 01/08/2026) |
| 01/09/2026 | | TEXT ORDER granting [73](#) Motion to Amend/Correct. 1/14/2026 - State Plaintiffs' Second Amended Complaint and NAEH Plaintiffs' First Amended Complaint and Plaintiffs' Motions for Summary Judgment on all claims; 1/23/2026 - Defendants' Combined Opposition and Cross-Motion for Summary Judgment on all claims; 1/30/2025 - Plaintiffs' Combined Reply and Opposition; 2/5/2026 - Defendants' Reply. So Ordered by District Judge Mary S. McElroy on 1/9/2026. (Potter, Carrie) (Entered: 01/09/2026) |
| 01/12/2026 | [79](#) | NOTICE by Eric Scott Turner, United States Department of Housing and Urban Development *OF REVISED IMPLEMENTATION PLAN IN COMPLIANCE WITH PARAGRAPH 8 OF THE PRELIMINARY INJUNCTION ORDER* (Attachments: # [1](#) |

| | | Exhibit A (Revised FY24-25 CoC NOFO Implementation Plan))(Jankowski, William) (Entered: 01/12/2026) |
|---|---|---|
| 01/14/2026 | 80 | AMENDED COMPLAINT : *Second Amended Complaint* against All Defendants, filed by Office of the Governor ex rel. Andy Beshear, State of Wisconsin, State of Connecticut, State of New York, State of New Jersey, State of Washington, State of New Mexico, State of Oregon, State of Minnesota, State of Maryland, State of Colorado, State of Rhode Island, District of Columbia, State of Maine, State of Vermont, Commonwealth of Massachusetts, State of Michigan, State of Delaware, State of Arizona, Josh Governor Shapiro, State of Illinois, State of California.(Hughes, Andrew) (Entered: 01/14/2026) |
| 01/14/2026 | 81 | MOTION for Summary Judgment filed by All Plaintiffs. **Responses due by 1/28/2026.** (Hughes, Andrew) (Entered: 01/14/2026) |
| 01/22/2026 | 82 | NOTICE of Appearance by Samuel B. Stratton on behalf of State of Vermont (Stratton, Samuel) (Entered: 01/22/2026) |
| 01/23/2026 | 83 | Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* filed by All Defendants. **Responses due by 2/6/2026.** (Attachments: # 1 McKenney Declaration & Exhibit)(Jankowski, William) (Entered: 01/23/2026) |
| 01/30/2026 | 84 | RESPONSE In Support to 81 MOTION for Summary Judgment *and In Opposition to 83 Defendants' Cross-Motion for Summary Judgment* filed by All Plaintiffs. **Replies due by 2/6/2026.** (Hughes, Andrew) (Entered: 01/30/2026) |
| 02/02/2026 | 85 | Consent MOTION for an Extension of Time to File Response/Reply *to February 6, 2026,* filed by All Defendants. **Responses due by 2/17/2026.** (Jankowski, William) (Entered: 02/02/2026) |
| 02/04/2026 | | TEXT ORDER granting 85 Motion for Extension of Time to File. Set/reset deadlines: 83 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* & 81 MOTION for Summary Judgment - **Responses due by 2/6/2026**. So Ordered by District Judge Mary S. McElroy on 2/4/2026. (Potter, Carrie) (Entered: 02/04/2026) |
| 02/05/2026 | 86 | NOTICE by Commonwealth of Massachusetts, District of Columbia, Office of the Governor ex rel. Andy Beshear, Josh Governor Shapiro, State of Arizona, State of California, State of Colorado, State of Connecticut, State of Delaware, State of Illinois, State of Maine, State of Maryland, State of Michigan, State of Minnesota, State of New Jersey, State of New Mexico, State of New York, State of Oregon, State of Rhode Island, State of Vermont, State of Washington, State of Wisconsin *NOTICE REGARDING RECENT DEVELOPMENT RELEVANT TO PLAINTIFFS PENDING MOTIONS FOR SUMMARY JUDGMENT* (Hughes, Andrew) (Entered: 02/05/2026) |
| 02/06/2026 | 87 | REPLY to Response re 84 Response to Motion, *in Support of Defendants' 83 Cross-Motion for Summary Judgment* filed by All Defendants. (Jankowski, William) (Entered: 02/06/2026) |
| 02/17/2026 | 88 | NOTICE of Appearance by Aliana Claire Knoepfler on behalf of State of Washington (Knoepfler, Aliana) (Entered: 02/17/2026) |
| 02/17/2026 | 89 | Emergency MOTION TO DISSOLVE the December 19, 2025 Preliminary Injunctions filed by All Defendants. **Responses due by 3/3/2026.** (Attachments: # 1 Exhibit A (Defendants' Cross-Motion for Summary Judgment & Opposition), # 2 Exhibit B (Defendants' Reply in Support of Cross-Motion for Summary Judgment), # 3 Exhibit C (McKenney Declaration))(Jankowski, William) (Entered: 02/17/2026) |
| 02/18/2026 | | TEXT ORDER: Plaintiffs are ordered to file by February 23, 2026 an opposition (if any) to the Defendants' Motion to Dissolve the December 19, 2025 Preliminary Injunctions (ECF |

| | | |
|---|---|---|
| | | No. 89 ). So Ordered by District Judge Mary S. McElroy on 2/18/2026. (Potter, Carrie) (Entered: 02/18/2026) |
| 02/23/2026 | 90 | RESPONSE In Opposition to 89 Emergency MOTION TO DISSOLVE the December 19, 2025 Preliminary Injunctions filed by All Plaintiffs. **Replies due by 3/2/2026.** (Hughes, Andrew) (Entered: 02/23/2026) |
| 02/23/2026 | 91 | DECLARATION re 90 Response to Motion *of Zane Muller* by All Plaintiffs. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Hughes, Andrew) (Entered: 02/23/2026) |
| 02/27/2026 | | TEXT ORDER: Before this Court is Defendants' Combined Motion to Dissolve the December 19, 2025 Preliminary Injunctions (ECF No. 89 ). The Court has considered the arguments in Defendants' Motion and Plaintiffs' Responses in Opposition thereto. The Defendants seek to reopen the December 2025 Continuum of Care NOFO in order to solicit and issue awards pursuant to its terms for the third and fourth quarters of the funding cycle and argue that this Court's interim relief enjoining the December 2025 NOFO prevents it from doing so. In support of dissolving the injunction, Defendants assert, among other things, that Congress has eliminated the threatened harms faced by the Plaintiffs that prompted the Court to enjoin the December 2025 NOFO in the first instance. The Court disagrees and concludes that the Plaintiffs continue to face imminent, irreparable harm from: (1) the upheaval and service gaps that would result from the Defendants attempt to vastly overhaul the funding selection criteria on an accelerated basis; and (2) the Defendants' attempt to implement the December 2025 NOFO in light of the Court's prior determination that Plaintiffs have a strong likelihood of success in their action contesting its legality. *New York v. U.S. Dep't of Just.*, 804 F. Supp. 3d 294, 330 (D.R.I. 2025) ("In life-or-death scenariostimes of crisis when someone faces domestic violence, homelessness, or a mental health crisisit practically goes without saying that there can be no do over and no redress if services are unlawfully denied and someone suffers for it. That of course constitutes irreparable harm.") (cleaned up). As a result, the Court DENIES Defendants' Combined Motion to Dissolve the December 19, 2025 Preliminary Injunctions (ECF No. 89 ). So Ordered by District Judge Mary S. McElroy on 2/27/2026. (Potter, Carrie) (Entered: 02/27/2026) |
| 03/02/2026 | 92 | NOTICE OF APPEAL by Eric Scott Turner, United States Department of Housing and Urban Development as to Order on Motion for Miscellaneous Relief,,,,,,, (No fee paid, USA, Waived by Statute, or IFP.)<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 3/9/2026. (Jankowski, William) (Entered: 03/02/2026) |
| 03/02/2026 | 93 | Emergency MOTION to Stay *the December 19, 2025 Preliminary Injunction Pending Appeal* filed by All Defendants. **Responses due by 3/16/2026.** (Jankowski, William) (Entered: 03/02/2026) |
| 03/02/2026 | 94 | CLERK'S CERTIFICATE AND APPELLATE COVER SHEET: Abbreviated record on appeal consisting of notice of appeal, order(s) being appealed, and a certified copy of the district court docket report transmitted to the U.S. Court of Appeals for the First Circuit in accordance with 1st Cir. R. 11.0(b). 92 Notice of Appeal,,. (Attachments: # 1 Record on Appeal)(Hill, Cherelle) (Attachment 1 replaced on 3/2/2026) (Hill, Cherelle). (Entered: 03/02/2026) |
| 03/02/2026 | | USCA Case Number 26-1217 for 92 Notice of Appeal,, filed by United States Department of Housing and Urban Development, Eric Scott Turner. (Hill, Cherelle) (Entered: 03/02/2026) |

| 03/02/2026 | | TEXT ORDER : The plaintiff shall file a response, if applicable, to 93 Emergency MOTION to Stay *the December 19, 2025 Preliminary Injunction Pending Appeal* on or before 3/5/2026. So Ordered by District Judge Mary S. McElroy on 3/2/2026. (Potter, Carrie) (Entered: 03/02/2026) |
| --- | --- | --- |
| 03/02/2026 | 95 | NOTICE of Appearance by Samantha Hall on behalf of District of Columbia (Hall, Samantha) (Entered: 03/02/2026) |
| 03/05/2026 | 96 | RESPONSE In Opposition to 93 Emergency MOTION to Stay *the December 19, 2025 Preliminary Injunction Pending Appeal* filed by All Plaintiffs. **Replies due by 3/12/2026.** (Hughes, Andrew) (Entered: 03/05/2026) |
| 03/06/2026 | | TEXT ORDER: Before the Court is Defendants' Combined Emergency Motion for a Stay of the Preliminary Injunctions Pending Appeal (ECF No. 93 ). The Court has considered the arguments in Defendants' Motion and Plaintiffs' Response in Opposition thereto. Notwithstanding Defendants' failure to appeal the Court's order providing Plaintiffs with injunctive relief, (ECF No. 68 ), Defendants seek a stay of this preliminary relief pending their appeal of the Court's February 27, 2026 Text Order denying their Motion to Dissolve the December 19, 2025 Preliminary Injunctions. Text Order (Feb. 27, 2026). When evaluating whether to stay an order pending an appeal, the Court must consider: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Does 1-3 v. Mills*, 39 F.4th 20, 24 (1st Cir. 2022) (cleaned up). The Court concludes that Defendants have not met the aforementioned standard. Most notably, the Court concludes that its issuance of a stay at this juncture will substantially injure Plaintiffs by subjecting them to the upheaval and service gaps caused by Defendants' attempt to implement the December 2025 NOFO on an expedited basis. As a result, the Court DENIES Defendants' Combined Emergency Motion for a Stay of the Preliminary Injunctions Pending Appeal (ECF No. 93 . So Ordered by District Judge Mary S. McElroy on 3/6/2026.(Potter, Carrie) (Entered: 03/06/2026) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 03/08/2026 13:52:55 | | |
| **PACER Login:** | SarahClark | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-cv-00626-MSM-AEM |
| **Billable Pages:** | 18 | **Cost:** | 1.80 |

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*, Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) | C.A. No. 1:25-cv-00636-MSM-AEM |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, Defendants. | ) ) ) ) ) ) | |

## ORDER FOR RELIEF UNDER 5 U.S.C. § 705 AND
## FOR PRELIMINARY INJUNCTION

Mary S. McElroy, United States District Judge.

Upon consideration of the Plaintiffs' Motion for Preliminary Injunction and/or for Preliminary Relief under 5 U.S.C. § 705 (ECF No. 11), the Court concludes that Plaintiffs have established a strong likelihood of success on the merits, irreparable harm, and that the balance of equities and public interest favor the Plaintiffs. The Court made these findings based on Plaintiffs' Motions for Preliminary Relief and accompanying declarations as well as the hearing held on December 19, 2025. Therefore, for good cause shown, and for the reasons stated at that hearing, the Court GRANTS the Plaintiffs' Motion for Preliminary Relief. It is:

1. ORDERED that the Plaintiffs' Motion for Preliminary Relief are GRANTED; it is further

2. ORDERED that, to preserve the status quo ante, the Department of Housing

App. 40

and Urban Development's ("HUD") rescission of the notice of funding opportunity entitled "FY 2024 and FY 2025 Continuum of Care Competition and Renewal or Replacement of Youth Homeless Demonstration Program" ("FY24-25 NOFO") is STAYED under 5 U.S.C. § 705 and PRELIMINARILY ENJOINED; it is further

3. ORDERED that the FY 2025 Continuum of Care Competition and Youth Homeless Demonstration Program Grants NOFO ("2025 NOFO") is STAYED under 5 U.S.C. § 705 and PRELIMINARILY ENJOINED; it is further

4. ORDERED that the Challenged Conditions[1] in the 2025 NOFO are STAYED under 5 U.S.C. § 705 and PRELIMINARILY ENJOINED; it is further

5. ORDERED that, pursuant to 5 U.S.C. § 705, the Court's inherent equitable authority, and the All Writs Act, 28 U.S.C. § 1651, to preserve the status quo ante, Defendants, their employees, and anyone acting in concert with them, are and until further order of this Court PRELIMINARILY ENJOINED from giving effect to any existing or forthcoming agency action to further rescind or replace the FY24-25 NOFO, including by enforcing any deadlines in any other NOFO, accepting and processing applications under any other NOFO, or giving effect to any other NOFO to award FY2025 grants for the Continuum of Care (CoC) program; it is further

6. ORDERED that Defendants must preserve the status quo ante that existed

---

[1] The Challenged Conditions as identified by Plaintiffs and listed at Appendix A of this Order.

App. 41

under the FY24-25 NOFO, including by taking all steps necessary to process eligible renewals for FY 2025 CoC funding pursuant to the FY24-25 NOFO, but excluding the obligation of funding and the granting of any specific renewals; it is further

7. ORDERED that Defendants, within one business day of this Order, file a notice confirming they have informed all relevant federal officials, including Defendants and their officers, agents, servants, employees, and attorneys, of this Order; it is further

8. ORDERED that Defendants, by no later than December 30, 2025, file a report that sets forth any steps necessary to process eligible renewals for FY 2025 CoC funding under the FY2024-2025 NOFO and Defendants' expected timeline; it is further

9. ORDERED that Defendants, within fourteen days of entry of this Order, shall inform recipients of any steps they must take in order for eligible renewals to be processed, up to but not including the obligation of funding. Defendants should promptly file a notice confirming such communications were made.

10. The Court further finds that a bond is not mandatory under these circumstances and exercises its discretion not to require one at this time.

IT IS SO ORDERED.

_Mary S. McElroy_
Mary S. McElroy
United States District Judge
December 23, 2025

App. 42

## APPENDIX A: CHALLENGED CONDITIONS

| Condition | Citation (25-cv-626) |
|---|---|
| Cap on Funding of Permanent Housing Projects: "[N]o more than 30 percent of a CoC's Annual Renewal Demand (ARD) under this NOFO will fund Permanent Housing projects, including PH-PSH, PH-RRH and Joint TH and PH-RRH projects." | ECF No. 12-3 at 15. |
| Awarding Points for Requiring Participants to Enroll in Services: "[P]rogram participants are required to take part in [substance abuse treatment] services as a condition of continued participation in the program," "the requirement for participation in substance abuse treatment," and "the proposed project will require program participants to take part in supportive services (e.g. case management, employment training, substance use treatment)." | ECF No. 12-3 at 55, 62, 64, 77-80. |
| Tier 1 Cap of 30 Percent: "Tier 1 is set at 30 percent of the CoC's Annual Renewal Demand (ARD)." | ECF No. 12-3 at 15. |
| Prohibition or Restriction on Applicants Who Recognize the Existence of Transgender, Gender Non-Conforming, and Intersex Individuals: "Awards made under this NOFO will not be used to . . . conduct activities that rely on or otherwise use a definition of sex as other than binary in humans" and "HUD reserves the right to reduce or reject a project application [if there is] evidence that the project has previously or currently . . . conduct[ed/s] activities that rely on or otherwise use a definition of sex other than as binary in humans." | ECF No. 12-3 at 55, 65, 108. |
| Disadvantaging Programs that Provide Services for Mental and Substance-Abuse-Derived Disabilities: "[S]erve ... individuals with a physical disability/impairment or a developmental disability . . . not including substance abuse disorder" and favors units that "will prioritize these populations." | ECF No. 12-3 at 57, 61. |
| "Public Safety" Requirements: "CoCs must" cite "state or local law(s) that cover the CoC's entire geographic area" that prohibit "public illicit drug use" and "public camping or loitering" and cite state and local protocols that enforce these prohibitions; "CoCs must" demonstrate utilization of standards like "involuntary commitment"; "CoCs must" indicate that the state | ECF No. 12-3 at 86-87. |

1

| **Condition** | **Citation** **(25-cv-626)** |
|---|---|
| implements and is compliant with the registration and notification obligations of the Sex Offender Registry and Notification Act; and "CoCs must" assist law enforcement in checking the location of homeless sex offenders, and cooperate with law enforcement in connecting violators of public camping or drug laws with services. | |
| Partnering with Law Enforcement: "[P]artner with first responders and law enforcement" to increase housing and services engagement. | ECF No. 12-3 at 83. |
| Assisting with Federal Immigration Enforcement: "[V]oluntarily, thoroughly, and demonstrably facilitat[ing] immigration status verification before distribution of benefits to all recipients" using the SAVE database. | ECF No. 12-3 at 88. |
| Reducing Number of Homeless Encampments: "[R]eduction in the number of encampments or the number of people residing in encampments by at least 20%." | ECF No. 12-3 at 81. |
| DEI-Related Conditions: Applicants must "certify affirmatively" that they "will not engage in racial preferences or other forms of illegal discrimination"; HUD can reject an application if "the project has previously or currently conducts activities that subsidize or facilitate racial preferences or other forms of illegal discrimination." | ECF No. 12-3 at 54-55, 65. |
| Harm Reduction Conditions: Applicants must "certify affirmatively" that they "will not operate drug injection sites or 'safe consumption sites,' knowingly distribute drug paraphernalia on or off of property under their control, permit the use or distribution of illicit drugs on property under their control, or conduct any of these activities under the pretext of 'harm reduction'"; HUD can reject applicants based on "evidence that the project operates drug injection sites or 'safe consumption sites,' knowingly distributes drug paraphernalia on or off property under their control, permits the use or distribution of illicit drugs on property under their control, or conducts any of these activities under the pretext of 'harm reduction.'" | ECF No. 12-3 at 54-55, 65. |

2

| **Condition** | **Citation (25-cv-626)** |
|---|---|
| Retroactive "Risk Review" Catchall: "Before making an award, HUD will evaluate each applicant's . . . [h]istory of subsidizing or facilitating activities that conflict with the purposes of this NOFO." | ECF No. 12-3 at 89. |

App. 45

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*, | Case Nos. 25-cv-626 |
| Plaintiffs, | 25-cv-636 |
| v. | District Judge Mary S. McElroy |
| DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, | Magistrate Judge Amy E. Moses |
| Defendants. | |
| AND | |
| NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*, | |
| Plaintiffs, | |
| v. | |
| DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, | |
| Defendants. | |

## DECLARATION OF CAITLYN J. MCKENNEY IN SUPPORT OF DEFENDANTS' COMBINED MOTION TO DISSOLVE THE DECEMBER 19, 2025 PRELIMINARY INJUNCTIONS

I, Caitlyn J. McKenney, hereby declare as follows:

1.    I am employed by the U.S. Department of Housing and Urban Development ("HUD") as the Deputy Assistant Secretary ("DAS") for Special Needs within the Office of Community Planning and Development ("CPD"). In this role, I oversee all programs in the Office of HIV/AIDS Housing and the Office of Special Needs, including HUD's Continuum of Care ("CoC") program. I have served in this capacity since December 28, 2025. Immediately before becoming the DAS and since I joined HUD on April 21, 2025, I served as a Policy Advisor for

CPD, where a major part of my role was helping steer the CoC program. I have been employed continuously at HUD since April 21, 2025.

2.     My statements herein are based on my personal knowledge and/or my evaluation of information provided to me in my official capacity; on reasonable inquiry; information obtained from various records, systems, databases; or program employees and information portals maintained and relied upon by HUD in the regular course of business.

3.     Congress's February 3, 2026 enactment of the Consolidated Appropriations Act, 2026, fundamentally changes how FY2025 funding under HUD's Continuum of Care ("CoC") program will be distributed. *See* Transportation, Housing and Urban Development, and Related Agencies Appropriations Act, 2026, Pub. L. No. 119-75, div. D., tit. II, 140 Stat. 173, H.R. 7148 at 209–51 ("2026 THUD Appropriations Act"); *see also id.* § 244, H.R. 7148 at 250–51. The THUD Act mandates that HUD "non-competitively renew for one 12-month period all" CoC projects "expiring during the first quarter of calendar year 2026," *id.* § 244, H.R. 7148 at 250, and further provides that, should HUD fail to make awards under a 2025 NOFO prior to April 1, 2026, projects expiring in the second quarter will be noncompetitively renewed, *see id.* § 244, H.R. 7148 at 250–51. If HUD fails to make awards prior to July 1, 2026, projects expiring in the third and fourth quarters will also be noncompetitively renewed. *See id.*

4.     Pursuant to the THUD Act, HUD is proceeding to noncompetitively renew projects expiring in the first quarter of 2026. HUD is also proceeding to noncompetitively renew CoC projects expiring in the second quarter of 2026. HUD is also aware that Congress imposed a deadline of July 1, 2026 by which HUD must make awards under "a fiscal year 2025 notice of funding opportunity" in order to avoid mandatory noncompetitive renewals for projects expiring in the third and fourth quarters of 2026. *See id.* § 244, H.R. 7148 at 250.

2

5.      Given this Court's December 19, 2025 preliminary injunctions, HUD will not be able to process applications and renewals under its enjoined December 2025 NOFO in time to meet the THUD Act's April 1, 2026 deadline for second-quarter awards. Moreover, in order to have a chance of meeting the July 1, 2026 deadline for third and fourth quarter project awards under "a fiscal year 2025 notice of funding opportunity," HUD must be able to open the December 2025 NOFO for applicants at the very latest by April 1, 2026.

6.      HUD must leave at least 30 days for an application period, absent an emergency waiver under 42 U.S.C. § 3545(a)(3). There is also good reason to leave applications open for this long, since Collaborative Applicants need time to prepare their application and new projects may struggle to complete their project applications and any underlying planning with a shorter application window.

7.      After applications close, HUD estimates that it will process applications for about several thousand new projects from nearly 400 CoCs. This involves conducting a merit review for each CoC and conducting threshold eligibility reviews, merit reviews, and risk reviews for each project as set out in the December 2025 NOFO.[1] HUD must also conduct threshold eligibility reviews and risk reviews for all renewal projects to determine whether there are any significant financial, performance, or compliance issues. HUD anticipates that this will take at least 50 days. This is shorter than what HUD indicated in the December 2025 NOFO, because renewals for projects expiring in Q1 and Q2 (about 37% of all projects) will have already been processed and awarded. Further, a threshold eligibility and risk review of renewal projects will have been completed under the Court's Order for the remaining projects expiring in Q3 and Q4 and HUD

---

[1] Threshold eligibility reviews, merit reviews, and risk reviews for projects are neither unusual nor new to the December 2025 NOFO. Rather, these reviews are standard practice in NOFOs, including the FY2024-25 CoC NOFO at issue in this matter.

App. 48

expects overlap between these recipients and those that will submit applications under the December 2025 NOFO. After scoring and reviews are complete, HUD must also prepare awards, including making necessary Fair Market Rent adjustments, conditioning any awards, and must notify Congress at least three days prior to announcing any awards. All in all, HUD anticipates that it will need the full amount of time from April 1, 2026, to finish all of this work and make awards by July 1, 2026.

8.      I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

Executed this 17th day of February 2026 in Washington, DC.

CAITLYN
MCKENNEY

Digitally signed by
CAITLYN MCKENNEY
Date: 2026.02.17
19:07:03 -05'00'

_____
Caitlyn J. McKenney

App. 49

| | |
|---|---|
| **From:** | cmecf@rid.uscourts.gov |
| **To:** | cmecfnef@rid.uscourts.gov |
| **Subject:** | Activity in Case 1:25-cv-00636-MSM-AEM National Alliance to End Homelessness et al v. United States Department of Housing and Urban Development et al Order on Motion for Miscellaneous Relief |
| **Date:** | Friday, February 27, 2026 8:26:56 AM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of Rhode Island

## Notice of Electronic Filing

The following transaction was entered on 2/27/2026 at 8:25 AM EST and filed on 2/27/2026

| | |
|---|---|
| **Case Name:** | National Alliance to End Homelessness et al v. United States Department of Housing and Urban Development et al |
| **Case Number:** | 1:25-cv-00636-MSM-AEM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**

**TEXT ORDER: Before this Court is Defendants' Combined Motion to Dissolve the December 19, 2025 Preliminary Injunctions (ECF No. [74]). The Court has considered the arguments in Defendants' Motion and Plaintiffs' Responses in Opposition thereto. The Defendants seek to reopen the December 2025 Continuum of Care NOFO in order to solicit and issue awards pursuant to its terms for the third and fourth quarters of the funding cycle and argue that this Court's interim relief enjoining the December 2025 NOFO prevents it from doing so. In support of dissolving the injunction, Defendants assert, among other things, that Congress has eliminated the threatened harms faced by the Plaintiffs that prompted the Court to enjoin the December 2025 NOFO in the first instance. The Court disagrees and concludes that the Plaintiffs continue to face imminent, irreparable harm from: (1) the upheaval and service gaps that would result from the Defendants attempt to vastly overhaul the funding selection criteria on an accelerated basis; and (2) the Defendants attempt to implement the December 2025 NOFO in light of the Courts prior determination that Plaintiffs have a strong likelihood of success in their action contesting its legality.** ***New York v. U.S. Dep't of Just.*, 804 F. Supp. 3d 294, 330 (D.R.I. 2025) ("In life-or-death scenariostimes of crisis when someone faces domestic**

**violence, homelessness, or a mental health crisis it practically goes without saying that there can be no do over and no redress if services are unlawfully denied and someone suffers for it. That of course constitutes irreparable harm.") (cleaned up). As a result, the Court DENIES Defendants' Combined Motion to Dissolve the December 19, 2025 Preliminary Injunctions (ECF No. [74]). So Ordered by District Judge Mary S. McElroy on 2/27/2026. (Potter, Carrie)**

**1:25-cv-00636-MSM-AEM Notice has been electronically mailed to:**

Abigail Greer    abby.greer@nashville.gov

Aleshadye Getachew    agetachew@democracyforward.org

Aman T. George    ageorge@democracyforward.org

Amy Retsinas Romero    amy@dwbrlaw.com, miriam@dwbrlaw.com

Antonia K. Fasanelli    afasanelli@homelesslaw.org

Carrie Y. Flaxman    cflaxman@democracyforward.org

Cassandra Crawford    Cassandra@publicrightsproject.org, legalvoicemail.publicrightsproject.org@recap.email, litfile@publicrightsproject.org

Christine L. Coogle    ccoogle@democracyforward.org

Christopher Michael Sanders    chrsanders@kingcounty.gov

Cristy Craig    cristy.craig@kingcounty.gov

David Chiu    Luis.A.Zamora@sfcityatty.org

David J. Hackett    David.hackett@kingcounty.gov

Graham Provost    graham@publicrightsproject.org, litfile@publicrightsproject.org

John Bailey    john.bailey@usdoj.gov

John K. Whitaker    john.whitaker@nashville.gov

Kathryn M. Scott    kmeyerscott@homelesslaw.org

Kavita Narayan    kavita.narayan@cco.sccgov.org

Kevin Love Hubbard    kevin@dwbrlaw.com, ashleigh.beauregard@usdoj.gov, CaseView.ECF@usdoj.gov, manuel.urbaez@usdoj.gov, maria.moran-smith@usdoj.gov, tracy.alfieri@usdoj.gov, usari-ecf@usdoj.gov, USARI.Civil-Docket@usdoj.gov

Kristin Bateman     kbateman@democracyforward.org

Leily Arzy     leily.arzy@cco.sccgov.org

Lynette J. Labinger     LL@labingerlaw.com, brownaclu@aol.com

Madeline H. Gitomer     mgitomer@democracyforward.org

Meredith A. Johnson     meredith.johnson@cco.sccgov.org

Michael Levin-Gesundheit     michael.levin@sfcityatty.org, bianca.rojo@sfcityatty.org

Mollie M. Lee     mollie.lee@sfcityatty.org

Pardis Gheibi     pardis.gheibi@usdoj.gov

Peter Roni Goldstone     peter.r.goldstone@usdoj.gov

Robin F. Thurston     rthurston@democracyforward.org

Ronald H. Lee     ronald.lee@sfcityatty.org

Sara J. Eisenberg     sara.eisenberg@sfcityatty.org

Simon Christopher Brewer     sbrewer@democracyforward.org

Stefanie Wilson     stefanie.wilson@cco.sccgov.org

Toby Merrill     toby@publicrightsproject.org,
legalvoicemail.publicrightsproject.org@recap.email, litfile@publicrightsproject.org

Tony LoPresti     tony.lopresti@cco.sccgov.org

Wallace W. Dietz     wally.dietz@nashville.gov

William S. Jankowski     william.s.jankowski@usdoj.gov, fedprog.ecf@usdoj.gov

Yenisey Rodriguez     yenisey.rodriguez@democracyforward.org

Yvonne R. Mere     yvonne.mere@sfcityatty.org

**1:25-cv-00636-MSM-AEM Notice has been delivered by other means to:**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

|  |  |
|---|---|
| NATIONAL ALLIANCE TO END HOMELESSNESS, *et al.*, | |
| Plaintiffs, | Case No. 25-cv-636-MSM-AEM |
| v. | District Judge Mary S. McElroy |
| DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*, | Magistrate Judge Amy E. Moses |
| Defendants. | |

## <u>NOTICE OF APPEAL</u>

All Defendants in this action—U.S. Department of Housing and Urban Development and Eric Scott Turner, in his official capacity as Secretary of the U.S. Department of Housing and Urban Development—respectfully provide notice that they hereby appeal to the United States Court of Appeals for the First Circuit the Court's February 27, 2026 Text Order denying Defendants' February 17, 2026 Motion to Dissolve, ECF No. 74, the December 19, 2025 preliminary injunction order entered against Defendants.

DATE: March 2, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General
Civil Division

JOHN BAILEY
Counsel to the Assistant Attorney General
Civil Division

1

JOSEPH E. BORSON
Assistant Branch Director

*/s/ William S. Jankowski*
WILLIAM S. JANKOWSKI
D.C. Bar No. 90021524
PARDIS GHEIBI
PETER R. GOLDSTONE
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20530
Tel.: (202) 353-7578
Fax: (202) 616-8640
Email: william.s.jankowski@usdoj.gov

*Attorneys for Defendants*

App. 54

## CERTIFICATE OF SERVICE

I certify that on March 2, 2026, the above document was filed with the CM/ECF filing system.

/s/ *William S. Jankowski*

App. 55

| | |
|---|---|
| **From:** | cmecf@rid.uscourts.gov |
| **To:** | cmecfnef@rid.uscourts.gov |
| **Subject:** | Activity in Case 1:25-cv-00636-MSM-AEM National Alliance to End Homelessness et al v. United States Department of Housing and Urban Development et al Order on Motion to Stay |
| **Date:** | Friday, March 6, 2026 6:43:02 PM |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### District of Rhode Island

### Notice of Electronic Filing

The following transaction was entered on 3/6/2026 at 6:41 PM EST and filed on 3/6/2026

| | |
|---|---|
| **Case Name:** | National Alliance to End Homelessness et al v. United States Department of Housing and Urban Development et al |
| **Case Number:** | 1:25-cv-00636-MSM-AEM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**TEXT ORDER: Before the Court is Defendants' Combined Emergency Motion for a Stay of the Preliminary Injunctions Pending Appeal (ECF No. [79]). The Court has considered the arguments in Defendants' Motion and Plaintiffs' Response in Opposition thereto. Notwithstanding Defendants' failure to appeal the Court's order providing Plaintiffs with injunctive relief, (ECF No. [52]), Defendants seek a stay of this preliminary relief pending their appeal of the Court's February 27, 2026 Text Order denying their Motion to Dissolve the December 19, 2025 Preliminary Injunctions. Text Order (Feb. 27, 2026). When evaluating whether to stay an order pending an appeal, the Court must consider: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Does 1-3 v. Mills*, 39 F.4th 20, 24 (1st Cir. 2022) (cleaned up). The Court concludes that Defendants have not met the aforementioned standard. Most notably, the Court concludes that its issuance of a stay at this juncture will substantially injure Plaintiffs by subjecting them to the upheaval and service gaps caused by Defendants attempt to implement the December 2025 NOFO on**

**an expedited basis. As a result, the Court DENIES Defendants' Combined Emergency Motion for a Stay of the Preliminary Injunctions Pending Appeal (ECF No. [79]). So Ordered by District Judge Mary S. McElroy on 3/6/2026. (Potter, Carrie)**

**1:25-cv-00636-MSM-AEM Notice has been electronically mailed to:**

Abigail Greer     abby.greer@nashville.gov

Aleshadye Getachew     agetachew@democracyforward.org

Aman T. George     ageorge@democracyforward.org

Amy Retsinas Romero     amy@dwbrlaw.com, miriam@dwbrlaw.com

Antonia K. Fasanelli     afasanelli@homelesslaw.org

Carrie Y. Flaxman     cflaxman@democracyforward.org

Cassandra Crawford     Cassandra@publicrightsproject.org, legalvoicemail.publicrightsproject.org@recap.email, litfile@publicrightsproject.org

Christine L. Coogle     ccoogle@democracyforward.org

Christopher Michael Sanders     chrsanders@kingcounty.gov

Cristy Craig     cristy.craig@kingcounty.gov

David Chiu     Luis.A.Zamora@sfcityatty.org

David J. Hackett     David.hackett@kingcounty.gov

Graham Provost     graham@publicrightsproject.org, litfile@publicrightsproject.org

John Bailey     john.bailey@usdoj.gov

John K. Whitaker     john.whitaker@nashville.gov

Kathryn M. Scott     kmeyerscott@homelesslaw.org

Kavita Narayan     kavita.narayan@cco.sccgov.org

Kevin Love Hubbard     kevin@dwbrlaw.com, ashleigh.beauregard@usdoj.gov, CaseView.ECF@usdoj.gov, manuel.urbaez@usdoj.gov, maria.moran-smith@usdoj.gov, tracy.alfieri@usdoj.gov, usari-ecf@usdoj.gov, USARI.Civil-Docket@usdoj.gov

Kristin Bateman     kbateman@democracyforward.org

Leily Arzy     leily.arzy@cco.sccgov.org

Lynette J. Labinger    LL@labingerlaw.com, brownaclu@aol.com

Madeline H. Gitomer    mgitomer@democracyforward.org

Meredith A. Johnson    meredith.johnson@cco.sccgov.org

Michael Levin-Gesundheit    michael.levin@sfcityatty.org, bianca.rojo@sfcityatty.org

Mollie M. Lee    mollie.lee@sfcityatty.org

Pardis Gheibi    pardis.gheibi@usdoj.gov

Peter Roni Goldstone    peter.r.goldstone@usdoj.gov

Robin F. Thurston    rthurston@democracyforward.org

Ronald H. Lee    ronald.lee@sfcityatty.org

Sara J. Eisenberg    sara.eisenberg@sfcityatty.org

Simon Christopher Brewer    sbrewer@democracyforward.org

Stefanie Wilson    stefanie.wilson@cco.sccgov.org

Toby Merrill    toby@publicrightsproject.org,
legalvoicemail.publicrightsproject.org@recap.email, litfile@publicrightsproject.org

Tony LoPresti    tony.lopresti@cco.sccgov.org

Wallace W. Dietz    wally.dietz@nashville.gov

William S. Jankowski    william.s.jankowski@usdoj.gov, fedprog.ecf@usdoj.gov

Yenisey Rodriguez    yenisey.rodriguez@democracyforward.org

Yvonne R. Mere    yvonne.mere@sfcityatty.org

**1:25-cv-00636-MSM-AEM Notice has been delivered by other means to:**

APPEAL

# U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: 1:25-cv-00636-MSM-AEM

| | |
|---|---|
| National Alliance to End Homelessness et al v. United States Department of Housing and Urban Development et al<br>Assigned to: District Judge Mary S. McElroy<br>Referred to: Magistrate Judge Amy E. Moses<br>Case in other court: First Circuit Court of Appeals, 26-01218<br>Cause: 05:702 Administrative Procedure Act | Date Filed: 12/01/2025<br>Jury Demand: None<br>Nature of Suit: 899 Other Statutes:<br>Administrative Procedures Act/Review or<br>Appeal of Agency Decision<br>Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**National Alliance to End Homelessness**　　　represented by　**Aleshadye Getachew**
Democracy Forward Foundation
PO BOX 34553
Washington, DC 20043
202-808-5690
Email: agetachew@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Aman T. George**
Democracy Forward Foundation
PO Box 34553
Washington, DC 20001
202-808-4203
Fax: 202-796-4426
Email: ageorge@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Antonia K. Fasanelli**
National Homelessness Law Center
1400 16th Street, NW
Suite 425
Washington, DC 20036
202-638-2535 ex. 103
Email: afasanelli@homelesslaw.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carrie Y. Flaxman**
Democracy Forward Foundation
PO Box 34553
Washington, DC 20001
202-448-9090
Fax: 202-796-4426

App. 59

Email: cflaxman@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine L. Coogle**
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
202-445-4939
Fax: 202-796-4426
Email: ccoogle@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathryn M. Scott**
National Homelessness Law Center
1400 16th Street NW
Suite 425
Washington, DC 20036
202-638-2535
Email: kmeyerscott@homelesslaw.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
DeLuca, Weizenbaum, Barry & Revens, Ltd.
199 North Main Street
Providence, RI 02903
401-453-1500
Fax: 401-453-1501
Email: kevin@dwbrlaw.com
*ATTORNEY TO BE NOTICED*

**Kristin Bateman**
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
202-935-5245
Email: kbateman@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
Lynette Labinger, Attorney at Law
128 Dorrance Street, Box 710
Providence, RI 02903
401-465-9565
Email: LL@labingerlaw.com
*ATTORNEY TO BE NOTICED*

**Madeline H. Gitomer**
Democracy Forward Foundation
PO Box 34553

Washington, DC 20001
202-448-9090
Fax: 202-796-4426
Email: mgitomer@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
Democracy Forward Foundation
P.O Box 34553
Washington, DC 20043
202-448-9090
Fax: 202-796-4426
Email: rthurston@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Simon Christopher Brewer**
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
202-448-9090
Fax: 202-796-4426
Email: sbrewer@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Yenisey Rodriguez**
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20001
(202) 297-4810
Fax: (202) 796-4426
Email:
yenisey.rodriguez@democracyforward.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
DeLuca, Weizenbaum, Barry & Revens,
Ltd.
199 North Main Street
Providence, RI 02903
401-453-1500
Fax: 401-453-1501
Email: amy@dwbrlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**National Low Income Housing Coalition**     represented by     **Aleshadye Getachew**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Aman T. George**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Antonia K. Fasanelli**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carrie Y. Flaxman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine L. Coogle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kathryn M. Scott**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kristin Bateman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Madeline H. Gitomer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Simon Christopher Brewer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Yenisey Rodriguez**

(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Crossroads Rhode Island**          represented by   **Aleshadye Getachew**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Aman T. George**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carrie Y. Flaxman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine L. Coogle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kristin Bateman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Madeline H. Gitomer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Simon Christopher Brewer**
(See above for address)

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Yenisey Rodriguez**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Youth Pride, Inc.**        represented by   **Aleshadye Getachew**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Aman T. George**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Carrie Y. Flaxman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine L. Coogle**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kristin Bateman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Madeline H. Gitomer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Robin F. Thurston**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Simon Christopher Brewer**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Yenisey Rodriguez**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**City of Boston**                    represented by **Cassandra Crawford**
Public Rights Project
490 43rd Street
Unit # 115
Oakland, CA 94609
510-738-6788
Email: Cassandra@publicrightsproject.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Graham Provost**
Public Rights Project
490 43rd Street
Oakland, CA 94609
530-828-3554
Email: graham@publicrightsproject.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*TERMINATED: 12/08/2025*
*ATTORNEY TO BE NOTICED*

**Toby Merrill**
Public Rights Project
490 43rd Street Unit
Ste 115
Oakland, CA 94609
617-863-2534
Email: toby@publicrightsproject.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**City of Cambridge**        represented by    **Cassandra Crawford**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Graham Provost**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*TERMINATED: 12/08/2025*
*ATTORNEY TO BE NOTICED*

**Toby Merrill**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Martin Luther King, Jr. County**    represented by    **Alison Chinn Holcomb**
King County Executive
General Counsel
401 Fifth Avenue
Ste 800
Seattle, WA 98104
206-477-2720
Email: aholcomb@kingcounty.gov
*TERMINATED: 01/15/2026*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cassandra Crawford**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher Michael Sanders**
King County Executive Office

Seattle, WA 98104
206-240-7590
Email: chrsanders@kingcounty.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cristy Craig**
King County Prosecuting Attorney's Office
701 5th Ave
Ste 600
Seattle, WA 98104
206-477-1120
Email: cristy.craig@kingcounty.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David J. Hackett**
King County Executive's Office
401 Fifth Avenue
St. 800
Seattle, WA 98104
206-477-943
Email: David.hackett@kingcounty.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Graham Provost**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*TERMINATED: 12/08/2025*
*ATTORNEY TO BE NOTICED*

**Toby Merrill**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Metropolitan Government of Nashville & Davidson County**

represented by **Abigail Greer**
Metropolitan Government of Nashville and Davidson County
P.O Box 196300

App. 67

Nashville, TN 37219
615-880-3790
Email: abby.greer@nashville.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Cassandra Crawford**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Graham Provost**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John K. Whitaker**
Metropolitan Government of Nashville &
Davidson County
P.O Box 196300
Nashville, TN 37219
615-880-3767
Email: john.whitaker@nashville.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*TERMINATED: 12/08/2025*
*ATTORNEY TO BE NOTICED*

**Toby Merrill**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Wallace W. Dietz**
Metropolitan Government of Nashville &
Davidson County
PO Box 196300
Nashville, TN 37219
615-880-1522
Email: wally.dietz@nashville.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**County of Santa Clara**          represented by    **Kavita Narayan**
Office of the County Counsel, County of
Santa Clara
70 W. Hedding St. East Wing, 9th Floor
San Jos, CA 95110
408-299-5900
Fax: 408-292-7240
Email: kavita.narayan@cco.sccgov.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leily Arzy**
Office of the County Counsel, County of
Santa Clara
70 W. Hedding St. East Wing, 9th Floor
San Jose, CA 95110
669-364-1864
Fax: 408-292-7240
Email: leily.arzy@cco.sccgov.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*TERMINATED: 12/08/2025*
*ATTORNEY TO BE NOTICED*

**Meredith A. Johnson**
Office of the County Counsel, County of
Santa Clara
70 W. Hedding St. East Wing, 9th Floor
San Jos, CA 95110
408-299-5900
Fax: 408-292-7240
Email: meredith.johnson@cco.sccgov.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Stefanie Wilson**
Office of the County Counsel, County of
Santa Clara
70 W. Hedding St., East Wing, 9th Fl.
San Jose, CA 95110
408-299-5900
Fax: 408-292-7240
Email: stefanie.wilson@cco.sccgov.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Tony LoPresti**
Office of the County Counsel, County of
Santa Clara
70 W. Hedding St. East Wing, 9th Floor
San Jos, CA 95110
408-343-9908
Fax: 408-292-7240
Email: tony.lopresti@cco.sccgov.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **City and County of San Francisco** | represented by | |

**David Chiu**
San Francisco City Attorney's Office
1 Dr. Carlton B. Goodlett Place, Room 234
San Francisco, CA 94102
415-554-4748
Email: Luis.A.Zamora@sfcityatty.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*TERMINATED: 12/08/2025*
*ATTORNEY TO BE NOTICED*

**Michael Levin-Gesundheit**
San Francisco City Attorney's Office
1390 Market Street
Floor 7
San Francisco, CA 94102
415-554-4240
Email: michael.levin@sfcityatty.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mollie M. Lee**
San Francisco City Attorney's Office
1390 Market St., Fl. 7
San Francisco, CA 94102
415-554-4260
Email: mollie.lee@sfcityatty.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ronald H. Lee**

San Francisco City Attorney's Office
1390 Market Street, 7th Floor
San Francisco, CA 94102
415-554-3935
Fax: 415-437-4644
Email: ronald.lee@sfcityatty.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sara J. Eisenberg**
San Francisco City Attorney's Office
1390 Market Street, 7th Floor
San Francisco, CA 94102
415-554-3874
Fax: 415-437-4644
Email: sara.eisenberg@sfcityatty.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Yvonne R. Mere**
San Francisco City Attorney's Office
1 Dr. Carlton B. Goodlett Place, Room 234
San Francisco, CA 94102
415-554-4708
Email: yvonne.mere@sfcityatty.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **City of Tucson** | represented by | **Cassandra Crawford**<br>(See above for address)<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Graham Provost**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kevin Love Hubbard**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lynette J. Labinger**
(See above for address)
*TERMINATED: 12/08/2025*
*ATTORNEY TO BE NOTICED*

**Toby Merrill**
(See above for address)

App. 71

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amy Retsinas Romero**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| | |
|---|---|
| **United States Department of Housing and Urban Development** | represented by **John Bailey**<br>DOJ-Civ<br>U.S. Department of Justice, Civil Division<br>950 Pennsylvania Ave NW<br>Ste 3618<br>Washington, DC 20530<br>202-514-6993<br>Email: john.bailey@usdoj.gov<br>*ATTORNEY TO BE NOTICED* |

**Pardis Gheibi**
DOJ-Civ
Civil Division, Federal Programs Branch
1100 L Street NW
Room 11526
Washington, DC 20005
202-305-3246
Email: pardis.gheibi@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
DOJ-Civ
Civil Division, Federal Programs Branch
1100 L Street NW
Ste 11516
Washington, DC 20005
202-598-0912
Email: peter.r.goldstone@usdoj.gov
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
DOJ-Civ
Civil Division, Federal Programs Branch
1100 L St NW
Washington, DC 20530
202-353-7578
Email: william.s.jankowski@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | |
|---|---|
| **Scott Turner**<br>*in his official capacity as Secretary of the* | represented by **John Bailey**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Pardis Gheibi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/01/2025 | 1 | COMPLAINT ( filing fee paid $ 405.00, receipt number ARIDC-2215158 ), filed by City of Cambridge, City of Tucson, Crossroads Rhode Island, Martin Luther King, Jr. County, County of Santa Clara, National Low Income Housing Coalition, Metropolitan Government of Nashville & Davidson County, Youth Pride, Inc., National Alliance to End Homelessness, City and County of San Francisco, City of Boston. (Attachments: # 1 Civil Cover Sheet, # 2 Summons for HUD, # 3 Summons for Sec. Turner, # 4 Summons for AG Bondi, # 5 Summons for USAO)(Romero, Amy) (Entered: 12/01/2025) |
| 12/01/2025 | | CASE CONDITIONALLY ASSIGNED to District Judge Mary S. McElroy and Magistrate Judge Amy E. Moses based upon the indication on the cover sheet that a related case previously was assigned to the presiding judge. Related Case Number 1:25-cv-626-MSM-AEM. The assignment is subject to the presiding judge's determination that the cases, in fact, are related. (Gonzalez Gomez, Viviana) (Entered: 12/01/2025) |
| 12/01/2025 | 2 | CASE OPENING NOTICE ISSUED. (Gonzalez Gomez, Viviana) (Entered: 12/01/2025) |
| 12/01/2025 | 3 | Corporate Disclosure Statement by City and County of San Francisco, City of Boston, City of Cambridge, City of Tucson, County of Santa Clara, Crossroads Rhode Island, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 12/01/2025) |
| 12/01/2025 | 4 | Summons Issued as to Scott Turner, United States Department of Housing and Urban Development, U.S. Attorney's Office for the District of RI, and U.S. Attorney General Pam Bondi. (Attachments: # 1 Summons Issued as to Secretary Turner, # 2 Summons Issued as to U.S. A.G. Bondi, # 3 Summons Issued as to U.S. Attorney's Office for the District of RI) (Gonzalez Gomez, Viviana) (Entered: 12/01/2025) |
| 12/01/2025 | 5 | MOTION for Preliminary Injunction *and for Relief under 5 USC 705* filed by All Plaintiffs. **Responses due by 12/15/2025.** (Attachments: # 1 Supporting Memorandum) (Romero, Amy) (Entered: 12/01/2025) |
| 12/01/2025 | 6 | DECLARATION re 5 MOTION for Preliminary Injunction *and for Relief under 5 USC 705 of Attorney Amy R. Romero* by All Plaintiffs. (Attachments: # 1 Exhibit FY24-25 NOFO, # 2 Exhibit FY25 NOFO, # 3 Exhibit July 3, 2025 HUD Email)(Romero, Amy) (Entered: 12/01/2025) |
| 12/01/2025 | 7 | DECLARATION re 5 MOTION for Preliminary Injunction *and for Relief under 5 USC 705 Index of Declarations* by All Plaintiffs. (Attachments: # 1 Declaration of Ann Oliva (Alliance), # 2 Declaration of Renee M. Willis (NLHIC), # 3 Declaration of Michelle Wilcox (Crossroads), # 4 Declaration of Rush Frazier (Youth Pride), # 5 Declaration of |

| | | |
|---|---|---|
| | | Sheila Dillon (Boston), # 6 Declaration of Elizabeth Mengers Margargee (Cambridge), # 7 Declaration of Sunaree Marshall (MLK County), # 8 Declaration of April Calvin (Nashville), # 9 Declaration of Kathryn Kaminski (Santa Clara), # 10 Declaration of Shireen McSpadden (San Mateo), # 11 Declaration of Ann Chanecka (Tucson), # 12 Declaration of Amy Davidson (San Mateo), # 13 Declaration of Andrew Freeman (Safe Haven), # 14 Declaration of Mary Katherine Rand (Mary Parrish Center), # 15 Declaration of Joyce Tavon (MHSA))(Romero, Amy) (Entered: 12/01/2025) |
| 12/01/2025 | 8 | Emergency MOTION for Expedited Production of the Administrative Record and Briefing Schedule for Summary Judgment filed by All Plaintiffs. **Responses due by 12/15/2025.** (Romero, Amy) (Entered: 12/01/2025) |
| 12/02/2025 | 9 | MOTION for Cassandra Crawford to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215407 ) filed by City of Boston, City of Cambridge, City of Tucson, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 10 | MOTION for Toby Merrill to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215418 ) filed by City of Boston, City of Cambridge, City of Tucson, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 11 | MOTION for Graham Provost to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215423 ) filed by City of Boston, City of Cambridge, City of Tucson, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 12 | MOTION for Alison Holcomb to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215426 ) filed by Martin Luther King, Jr. County. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 13 | MOTION for David Hackett to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215431 ) filed by Martin Luther King, Jr. County. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 14 | MOTION for Abigail Greer to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215436 ) filed by Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 15 | MOTION for John K. Whitaker to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215439 ) filed by Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 16 | MOTION for David Chiu to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215444 ) filed by City and County of San Francisco. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 17 | MOTION for Michael Levin Gesundheit to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215454 ) filed by City and County of San Francisco. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 18 | MOTION for Ronald Lee to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215463 ) filed by City and County of San Francisco. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 19 | MOTION for Sara Eisenberg to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215466 ) filed by City and County of San Francisco. (Romero, Amy) (Entered: 12/02/2025) |

| 12/02/2025 | 20 | MOTION for Yvonne Mere to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215472 ) filed by City and County of San Francisco. (Romero, Amy) (Entered: 12/02/2025) |
|---|---|---|
| 12/02/2025 | 21 | MOTION for Mollie M. Lee to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215475 ) filed by City and County of San Francisco. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 22 | MOTION for Kevin Love Hubbard to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215476 ) filed by All Plaintiffs. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 23 | MOTION for Kavita Narayan to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215480 ) filed by County of Santa Clara. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 24 | MOTION for Meredith A. Johnson to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215486 ) filed by County of Santa Clara. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 25 | MOTION for Tony LoPresti to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215488 ) filed by County of Santa Clara. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 26 | MOTION for Aleshadye Getachew to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215489 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 9 Motion to Appear Pro Hac Vice of Cassandra Crawford. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | 27 | MOTION for Aman T. George to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215496 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 28 | MOTION for Carrie Y. Flaxman to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215497 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 29 | MOTION for Kristin Bateman to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215498 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 30 | MOTION for Madeline H. Gitomer to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215500 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 31 | MOTION for Robin F. Thurston to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215504 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 12/02/2025) |

| 12/02/2025 | | TEXT ORDER granting 10 Motion to Appear Pro Hac Vice of Toby Merrill. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
|---|---|---|
| 12/02/2025 | 32 | MOTION for Yenisey Rodriguez to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215505 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | 33 | MOTION for Antonia K. Fasanelli to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215513 ) filed by National Alliance to End Homelessness, National Low Income Housing Coalition. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 11 Motion to Appear Pro Hac Vice of Graham Provost. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | 34 | MOTION for Kathryn M. Scott to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2215515 ) filed by National Alliance to End Homelessness, National Low Income Housing Coalition. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 12 Motion to Appear Pro Hac Vice of Alison Holcomb. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 13 Motion to Appear Pro Hac Vice of David J. Hackett. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 14 Motion to Appear Pro Hac Vice of Abigail Greer. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 15 Motion to Appear Pro Hac Vice of John K. Whitaker. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 16 Motion to Appear Pro Hac Vice of David Chiu. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | 35 | MOTION for Wallace W. Dietz to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number BRIDC-2215563 ) filed by Metropolitan Government of Nashville & Davidson County. (Romero, Amy) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 17 Motion to Appear Pro Hac Vice of Michael Levin-Gesundheit. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 18 Motion to Appear Pro Hac Vice of Ronald H. Lee. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 19 Motion to Appear Pro Hac Vice of Sara J. Eisenberg. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 20 Motion to Appear Pro Hac Vice of Yvonne R. Mere. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 21 Motion to Appear Pro Hac Vice of Mollie M. Lee. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |

| | | |
|---|---|---|
| 12/02/2025 | | TEXT ORDER granting 22 Motion to Appear Pro Hac Vice of Kevin Love Hubbard. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 23 Motion to Appear Pro Hac Vice of Kavita Narayan. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 24 Motion to Appear Pro Hac Vice of Meredith A. Johnson. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 25 Motion to Appear Pro Hac Vice of Tony LoPresti. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 26 Motion to Appear Pro Hac Vice of Aleshadye Getachew. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 27 Motion to Appear Pro Hac Vice of Aman T. George. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 28 Motion to Appear Pro Hac Vice of Carrie Y. Flaxman. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 29 Motion to Appear Pro Hac Vice of Kristin Bateman. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 30 Motion to Appear Pro Hac Vice of Madeline H. Gitomer. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 31 Motion to Appear Pro Hac Vice of Robin F. Thurston. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 32 Motion to Appear Pro Hac Vice of Yenisey Rodriguez. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 34 Motion to Appear Pro Hac Vice of Kathryn M. Scott. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 35 Motion to Appear Pro Hac Vice of Wallace W. Dietz. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |
| 12/02/2025 | | NOTICE of Hearing: Status Conference set for 12/5/2025 at 02:00 PM in Remote Hearing before District Judge Mary S. McElroy. Counsel of record will receive Zoom information via email. The public can visit rid.uscourts.gov for additional information. (Potter, Carrie) (Entered: 12/02/2025) |
| 12/02/2025 | | TEXT ORDER granting 33 Motion to Appear Pro Hac Vice of Antonia K. Fasanelli. So Ordered by District Judge Mary S. McElroy on 12/2/2025. (Hill, Cherelle) (Entered: 12/02/2025) |

| 12/02/2025 | | NOTICE of Hearing: Status Conference set for 12/5/2025 at 02:30 PM via Zoom before District Judge Mary S. McElroy. Zoom information sent to counsel via email. PLEASE NOTE TIME CHANGE ONLY. (Potter, Carrie) (Entered: 12/02/2025) |
|---|---|---|
| 12/03/2025 | 36 | NOTICE of Appearance by Lynette J. Labinger on behalf of All Plaintiffs (Labinger, Lynette) (Entered: 12/03/2025) |
| 12/05/2025 | | Minute Entry for proceedings held before District Judge Mary S. McElroy: In Chambers Conference held on 12/5/2025. M. Levin-Gesundheit, L. Labinger, K. Sabatini, P. Gheibi, Z. Muller, A. Romero, K. Hubbard, A. Alegrett, C. Flaxman, C. Crawford, S. Thompson, A. Getachew, C. Sepe, M. Gitoman, D. Hackett, A. Hughes, C. Faherty, G. Provost and K. Meyer Scott in attendance. Parties agree to convert Motion to Preliminary Injunction to a Motion for Temporary Restraining Order and a Preliminary Injunction. Court to hear Motion for TRO on 12/8/2025 at 3:30 pm. Responses to Motion to Preliminary Injunction due 12/15/2025 in both CV25-626 and CV25-636. Order to enter. (Courtroom Zoom at 2:30 pm.) (Potter, Carrie) (Entered: 12/05/2025) |
| 12/05/2025 | | Text Order: By agreement of the parties during the 12/5/2025 conference, the Court converts the Motion to Preliminary Injunction to a Motion for Temporary Restraining Order and a Preliminary Injunction. Court to hear Motion for TRO on 12/8/2025 at 3:30 pm. Responses to Motion for Preliminary Injunction due 12/15/2025 in both CV25-626 and CV25-636. So Ordered by District Judge Mary S. McElroy on 12/5/2025. (Potter, Carrie) (Entered: 12/05/2025) |
| 12/05/2025 | | NOTICE of Hearing on Motion for Temporary Restraining Order. Motion Hearing set for 12/8/2025 at 03:30 PM via Zoom before District Judge Mary S. McElroy. Counsel shall use link previously provided via email. The public may view the hearing via the Court's YouTube stream. Please visit rid.uscourts.gov for more information. (Potter, Carrie) (Entered: 12/05/2025) |
| 12/07/2025 | 37 | NOTICE of Appearance by Pardis Gheibi on behalf of All Defendants (Gheibi, Pardis) (Entered: 12/07/2025) |
| 12/08/2025 | 38 | NOTICE of Appearance by Peter Roni Goldstone on behalf of All Defendants (Goldstone, Peter) (Entered: 12/08/2025) |
| 12/08/2025 | 39 | NOTICE by Scott Turner, United States Department of Housing and Urban Development *NOTICE OF WITHDRAWAL OF THE CHALLENGED 2025 NOTICE OF FUNDING OPPORTUNITY* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gheibi, Pardis) (Entered: 12/08/2025) |
| 12/08/2025 | | Minute Entry for proceedings held before District Judge Mary S. McElroy: Motion Hearing held on 12/8/2025 5 MOTION for TRO: A. Getachew, A. Romero, A. Hughes, A. Fasanelli, C. Flaxman, C. Crawford, C. Flaherty, C. Sepe, K. Sabatini, K. Meyer-Scott, K. Bateman, L. Labinger, M. Gitomer, M. Levin-Gesundheit, P.R. Gladstone, P. Gheibi, S. Thompson, Z. Muller. Court addresses the parties; parties respond. Defendants advise that NOFO 25 has been withdraw. Parties argue. Defendants are to file their response to 5 Motion for Preliminary Injunction by 12/15/2025. Replies are due 12/17/2025. Hearing to be held on 12/19/2025 at 10:00 am. Court orders HUD to file administrative record by 12/15/2025. Defense asks for additional time. Court declines to give additional time, however, if record not available, it must be addresses in response. Recess. (Potter, Carrie) (Entered: 12/08/2025) |
| 12/08/2025 | | NOTICE of Hearing on Motion 5 MOTION for Preliminary Injunction *and for Relief under 5 USC 705* : Motion Hearing set for 12/19/2025 at 10:00 AM via Zoom before District Judge Mary S. McElroy. Counsel will receive link via email. The public may view |

| | | |
|---|---|---|
| | | the hearing via the Court's YouTube stream. Please visit rid.uscourts.gov for more information. (Potter, Carrie) (Entered: 12/08/2025) |
| 12/10/2025 | 40 | TRANSCRIPT of Motion for Temporary Restraining Order, held on December 8, 2025, before District Judge Mary S. McElroy. Court Reporter Denise P. Veitch, Telephone number (401) 752-7031. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained the Court Reporter through PACER. **NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the Case Information menu option**. Redaction Request due 12/31/2025. Redacted Transcript Deadline set for 1/12/2026. Release of Transcript Restriction set for 3/10/2026. (Veitch, Denise) (Entered: 12/10/2025) |
| 12/10/2025 | 41 | AFFIDAVIT of Service, filed by City of Cambridge, City of Tucson, Crossroads Rhode Island, Martin Luther King, Jr. County, County of Santa Clara, National Low Income Housing Coalition, Metropolitan Government of Nashville & Davidson County, Youth Pride, Inc., National Alliance to End Homelessness, City and County of San Francisco, City of Boston All Defendants. (Attachments: # 1 Proof of Service - Sec. Turner, # 2 Proof of Service - AG Bondi, # 3 Proof of Service - USAO)(Bateman, Kristin) (Entered: 12/10/2025) |
| 12/12/2025 | 42 | NOTICE of Appearance by John Bailey on behalf of All Defendants (Bailey, John) (Entered: 12/12/2025) |
| 12/15/2025 | 43 | NOTICE of Appearance by William S. Jankowski on behalf of All Defendants (Jankowski, William) (Entered: 12/15/2025) |
| 12/15/2025 | 44 | NOTICE by Scott Turner, United States Department of Housing and Urban Development *PARTIAL ADMINISTRATIVE RECORD* (Gheibi, Pardis) (Entered: 12/15/2025) |
| 12/15/2025 | 45 | RESPONSE In Opposition to 5 MOTION for Preliminary Injunction *and for Relief under 5 USC 705* filed by All Defendants. **Replies due by 12/22/2025.** (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Gheibi, Pardis) (Entered: 12/15/2025) |
| 12/15/2025 | 46 | NOTICE by Scott Turner, United States Department of Housing and Urban Development *REGARDING TIMELINE OF THE ADMINISTRATIVE RECORD* (Gheibi, Pardis) (Entered: 12/15/2025) |
| 12/17/2025 | 47 | MOTION for Simon Brewer to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2222305 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 12/17/2025) |
| 12/17/2025 | 48 | MOTION for Christine L. Coogle to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2222308 ) filed by Crossroads Rhode Island, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. (Romero, Amy) (Entered: 12/17/2025) |
| 12/17/2025 | | TEXT ORDER granting 47 Motion to Appear Pro Hac Vice of Simon C. Brewer. So Ordered by District Judge Mary S. McElroy on 12/17/2025. (Hill, Cherelle) (Entered: 12/17/2025) |
| 12/17/2025 | | TEXT ORDER granting 48 Motion to Appear Pro Hac Vice of Christine L. Coogle. So Ordered by District Judge Mary S. McElroy on 12/17/2025. (Hill, Cherelle) (Entered: 12/17/2025) |

| | | |
|---|---|---|
| 12/17/2025 | 49 | REPLY to Response re 45 Response to Motion, *for Relief under 5 U.S.C. 705 and for Preliminary Injunction* filed by All Plaintiffs. (Attachments: # 1 Supplemental Decl. of Ann Marie Oliva (NAEH))(Bateman, Kristin) (Entered: 12/17/2025) |
| 12/19/2025 | 50 | Joint MOTION to Expedite *Partial Summary Judgment Briefing* filed by All Defendants. **Responses due by 1/2/2026.** (Jankowski, William) (Entered: 12/19/2025) |
| 12/19/2025 | | Minute Entry for proceedings held before District Judge Mary S. McElroy: Motion Hearing held on 12/19/2025 re 5 MOTION for Preliminary Injunction: Z. Muller, K. Bateman and J. Bailey arguing. Court questions the parties, parties respond. Parties argue motions. For reasons stated on the record, the Court grants the motions. Parties to prepare a proposed order. Recess. (Court Reporter D. Veitch in Courtroom Zoom at 10:00 am.) (Potter, Carrie) (Entered: 12/19/2025) |
| 12/19/2025 | 51 | NOTICE by Scott Turner, United States Department of Housing and Urban Development *NOTICE OF PUBLICATION OF NEW 2025 NOFO* (Attachments: # 1 Exhibit A (New 2025 NOFO), # 2 Exhibit B (New 2025 NOFO Website Publication))(Jankowski, William) (Entered: 12/19/2025) |
| 12/22/2025 | | NOTICE of Hearing: Status Conference set for 12/22/2025 at 02:00 PM via Zoom before District Judge Mary S. McElroy. **This conference is for counsel only**. Counsel to receive zoom information via email. (Potter, Carrie) (Entered: 12/22/2025) |
| 12/22/2025 | | Minute Entry for proceedings held before District Judge Mary S. McElroy: Status Conference held on 12/22/2025: J. Bailey, W. Jankowski, C. Faherty, C. Flaxman, C. Coggle, J. Whitaker, K. Hubbard, A. Leggett, A. Hughes, C. Crawford, A. Romero, M. Levin-Gesundheit, K. Sabatini, K. Bateman, A, Knowpfier, Z. Muller, A. Holcomb, A. Getachew, G. Provost, M. Gitoman, L. Arzy, A. Geroge, K. Narayan in attendance. (Courtroom Zoom at 2:00 pm.) (Potter, Carrie) (Entered: 12/22/2025) |
| 12/23/2025 | 52 | ORDER for Relief Under 5 U.S.C. § 705 and for Preliminary Injunction. So Ordered by District Judge Mary S. McElroy on 12/23/2025. (Attachments: # 1 Appendix) (Potter, Carrie) (Entered: 12/23/2025) |
| 12/23/2025 | | TEXT ORDER granting 50 Motion to Expedite. 12/29/2025 - Defendants produce the remaining portion of the administrative record pertaining to the rescission of the FY24-FY25 CoC NOFO; 1/7/2026 - Plaintiffs' Motion for Summary Judgment; 1/16/2026 - Defendants' Combined Opposition and Cross-Motion for Summary Judgment; 1/23/2026 - Plaintiffs' Combined Reply and Opposition; 1/29/2026 - Defendants' Reply. So Ordered by District Judge Mary S. McElroy on 12/23/2025. (Potter, Carrie) (Entered: 12/23/2025) |
| 12/23/2025 | 53 | NOTICE by Scott Turner, United States Department of Housing and Urban Development *OF COMPLIANCE WITH PARAGRAPH 7 OF THE PRELIMINARY INJUNCTION ORDER* (Jankowski, William) (Entered: 12/23/2025) |
| 12/29/2025 | 54 | TRANSCRIPT ORDER for proceedings held on 12/19/2025 before Judge McElroy. Daily Transcript selected. Transcript to be delivered following adjournment and prior to the normal opening hour of court on the following morning.. (Bateman, Kristin) (Entered: 12/29/2025) |

| | | |
|---|---|---|
| 12/29/2025 | 55 | TRANSCRIPT of Motions for Preliminary Injunction, held on December 19, 2025, before District Judge Mary S. McElroy. Court Reporter Denise P. Veitch, Telephone number (401)752-7031. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter or PACER. **NOTICE TO COUNSEL: Redaction Requests must be filed for personal identifiers only. All other redactions must be requested by motion. For local policy and sample redaction request visit our website at www.rid.uscourts.gov and select Transcripts under the Case Information menu option.** Redaction Request due 1/20/2026. Redacted Transcript Deadline set for 1/29/2026. Release of Transcript Restriction set for 3/30/2026. (Veitch, Denise) (Entered: 12/29/2025) |
| 12/29/2025 | 56 | ADMINISTRATIVE RECORD filed *(Partial Administrative Record regarding rescission of FY24-25 NOFO)* by Scott Turner, United States Department of Housing and Urban Development. (Attachments: # 1 Index, # 2 Partial Administrative Record (Rescission of FY24-25 NOFO))(Jankowski, William) (Entered: 12/29/2025) |
| 12/30/2025 | 57 | Joint MOTION to Amend/Correct *Schedule for Expedited Summary Judgment Briefing* filed by All Defendants. **Responses due by 1/13/2026.** (Jankowski, William) (Entered: 12/30/2025) |
| 12/30/2025 | 58 | NOTICE by Scott Turner, United States Department of Housing and Urban Development *OF COMPLIANCE WITH PARAGRAPH 8 OF THE PRELIMINARY INJUNCTION ORDER* (Attachments: # 1 Exhibit A (FY24-25 CoC NOFO Implementation Plan)) (Jankowski, William) (Entered: 12/30/2025) |
| 12/31/2025 | 59 | ADMINISTRATIVE RECORD filed by Scott Turner, United States Department of Housing and Urban Development. (Attachments: # 1 Supplement Administrative Record, part 2, # 2 Supplement Administrative Record, part 3, # 3 Supplement Administrative Record, part 4, # 4 Supplement Administrative Record, part 5, # 5 Affidavit Certification of Administrative Record, # 6 Appendix Index to Administrative Record)(Goldstone, Peter) (Entered: 12/31/2025) |
| 01/06/2026 | 60 | Joint MOTION for an Extension of Time to File *NOTICE OF COMPLIANCE WITH PARAGRAPH 9 OF THE PRELIMINARY INJUNCTION ORDER* filed by All Defendants. **Responses due by 1/20/2026.** (Jankowski, William) (Entered: 01/06/2026) |
| 01/06/2026 | | TEXT ORDER granting 60 Motion for Extension of Time. So Ordered by District Judge Mary S. McElroy on 1/6/2026. (Potter, Carrie) (Entered: 01/06/2026) |
| 01/08/2026 | 61 | NOTICE by Scott Turner, United States Department of Housing and Urban Development *OF COMPLIANCE WITH PARAGRAPH 9 OF THE PRELIMINARY INJUNCTION ORDER* (Attachments: # 1 Exhibit A (FY24-25 CoC NOFO Update to Recipients)) (Jankowski, William) (Entered: 01/08/2026) |
| 01/09/2026 | | TEXT ORDER granting 57 Motion to Amend/Correct. 1/14/2026 - State Plaintiffs' Second Amended Complaint and NAEH Plaintiffs' First Amended Complaint and Plaintiffs' Motions for Summary Judgment on all claims; 1/23/2026 - Defendants' Combined Opposition and Cross-Motion for Summary Judgment on all claims; 1/30/2025 - Plaintiffs' Combined Reply and Opposition; 2/5/2026 - Defendants' Reply. So Ordered by District Judge Mary S. McElroy on 1/9/2026. (Potter, Carrie) (Entered: 01/09/2026) |

| | | |
|---|---|---|
| 01/12/2026 | 62 | NOTICE by Scott Turner, United States Department of Housing and Urban Development *OF REVISED IMPLEMENTATION PLAN IN COMPLIANCE WITH PARAGRAPH 8 OF THE PRELIMINARY INJUNCTION ORDER* (Attachments: # 1 Exhibit A (Revised FY24-25 CoC NOFO Implementation Plan))(Jankowski, William) (Entered: 01/12/2026) |
| 01/13/2026 | 63 | MOTION to Withdraw as Attorney filed by Martin Luther King, Jr. County. **Responses due by 1/27/2026.** (Holcomb, Alison) (Entered: 01/13/2026) |
| 01/13/2026 | 64 | MOTION for Stefanie Wilson to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2230441 ) filed by County of Santa Clara. (Romero, Amy) (Entered: 01/13/2026) |
| 01/13/2026 | 65 | MOTION for Leily Arzy to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2230450 ) filed by County of Santa Clara. (Romero, Amy) (Entered: 01/13/2026) |
| 01/13/2026 | | TEXT ORDER granting 64 Motion to Appear Pro Hac Vice of Stefanie Wilson. So Ordered by District Judge Mary S. McElroy on 1/13/2026. (Hill, Cherelle) (Entered: 01/13/2026) |
| 01/13/2026 | | TEXT ORDER granting 65 Motion to Appear Pro Hac Vice of Leily Arzy. So Ordered by District Judge Mary S. McElroy on 1/13/2026. (Hill, Cherelle) (Entered: 01/13/2026) |
| 01/14/2026 | 66 | AMENDED COMPLAINT against Scott Turner, United States Department of Housing and Urban Development, filed by City of Cambridge, City of Tucson, Crossroads Rhode Island, Martin Luther King, Jr. County, County of Santa Clara, National Low Income Housing Coalition, Metropolitan Government of Nashville & Davidson County, Youth Pride, Inc., National Alliance to End Homelessness, City and County of San Francisco, City of Boston.(Getachew, Aleshadye) (Entered: 01/14/2026) |
| 01/14/2026 | 67 | MOTION for Summary Judgment filed by City and County of San Francisco, City of Boston, City of Cambridge, City of Tucson, County of Santa Clara, Crossroads Rhode Island, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc.. **Responses due by 1/28/2026.** (Attachments: # 1 Supporting Memorandum, # 2 Appendix FY25 NOFOs Challenged Provisions, # 3 Oliva (NAEH) 2nd Suppl. Decl., # 4 Excerpts of AR (Part 1), # 5 Excerpts of AR (Part 2), # 6 Excerpts of AR (Part 3))(Getachew, Aleshadye) (Entered: 01/14/2026) |
| 01/15/2026 | | TEXT ORDER granting 63 Motion to Withdraw as Attorney. Attorney Alison Chinn Holcomb terminated. So Ordered by District Judge Mary S. McElroy on 1/15/2026. (Potter, Carrie) (Entered: 01/15/2026) |
| 01/23/2026 | 68 | Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* filed by All Defendants. **Responses due by 2/6/2026.** (Attachments: # 1 McKenney Declaration & Exhibit)(Jankowski, William) (Entered: 01/23/2026) |
| 01/30/2026 | 69 | RESPONSE In Opposition to 68 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment and Reply in support of Plaintiffs' Motion for Summary Judgment (Dkt 67)* filed by All Plaintiffs. **Replies due by 2/6/2026.** (Attachments: # 1 Supplemental Excerpts of Administrative Record)(Bateman, Kristin) (Entered: 01/30/2026) |
| 02/02/2026 | 70 | Consent MOTION for an Extension of Time to File Response/Reply *to February 6, 2026,* filed by All Defendants. **Responses due by 2/17/2026.** (Jankowski, William) (Entered: 02/02/2026) |
| 02/04/2026 | | TEXT ORDER granting 70 Motion for Extension of Time to File Response/Reply. Set/Reset Deadlines: 68 Cross MOTION for Summary Judgment *and Opposition to* |

| | | |
|---|---|---|
| | | *Plaintiffs' Motion for Summary Judgment* & <u>67</u> MOTION for Summary Judgment - **Responses due by 2/6/2026**. So Ordered by District Judge Mary S. McElroy on 2/4/2026. (Potter, Carrie) (Entered: 02/04/2026) |
| 02/05/2026 | <u>71</u> | NOTICE by City and County of San Francisco, City of Boston, City of Cambridge, City of Tucson, County of Santa Clara, Crossroads Rhode Island, Martin Luther King, Jr. County, Metropolitan Government of Nashville & Davidson County, National Alliance to End Homelessness, National Low Income Housing Coalition, Youth Pride, Inc. *Re: Recent Development Relevant to Pending Motions for Summary Judgment* (Bateman, Kristin) (Entered: 02/05/2026) |
| 02/06/2026 | <u>72</u> | REPLY to Response re <u>69</u> Response to Motion, *in Support of Defendants'* <u>68</u> *Cross-Motion for Summary Judgment* filed by All Defendants. (Jankowski, William) (Entered: 02/06/2026) |
| 02/11/2026 | <u>73</u> | MOTION for Cristy J. Craig to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2241953 ) filed by Martin Luther King, Jr. County. (Romero, Amy) (Entered: 02/11/2026) |
| 02/11/2026 | | TEXT ORDER granting <u>73</u> Motion to Appear Pro Hac Vice of Cristy Craig. So Ordered by District Judge Mary S. McElroy on 2/11/2026. (Hill, Cherelle) (Entered: 02/11/2026) |
| 02/17/2026 | <u>74</u> | Emergency MOTION TO DISSOLVE the December 19, 2025 Preliminary Injunctions filed by All Defendants. **Responses due by 3/3/2026.** (Attachments: # <u>1</u> Exhibit A (Defendants' Cross-Motion for Summary Judgment & Opposition), # <u>2</u> Exhibit B (Defendants' Reply in Support of Cross-Motion for Summary Judgment), # <u>3</u> Exhibit C (McKenney Declaration)(Jankowski, William) (Entered: 02/17/2026) |
| 02/18/2026 | | TEXT ORDER: Plaintiffs are ordered to file by February 23, 2026 an opposition (if any) to the Defendants' Motion to Dissolve the December 19, 2025 Preliminary Injunctions (ECF No. <u>74</u> ). So Ordered by District Judge Mary S. McElroy on 2/18/2026. (Potter, Carrie) (Entered: 02/18/2026) |
| 02/23/2026 | <u>75</u> | RESPONSE In Opposition to <u>74</u> Emergency MOTION TO DISSOLVE the December 19, 2025 Preliminary Injunctions filed by All Plaintiffs. **Replies due by 3/2/2026.** (Attachments: # <u>1</u> Exhibit Third Supp. Decl. of Ann Marie Oliva)(Bateman, Kristin) (Entered: 02/23/2026) |
| 02/23/2026 | <u>76</u> | Assented MOTION for Leave to File Document *Sur-Reply i.s.o. Motion for Summary Judgment and in Opposition to Defendants' Cross-Motion for Summary Judgment* filed by All Plaintiffs. **Responses due by 3/9/2026.** (Attachments: # <u>1</u> Exhibit Proposed Sur-Reply) (Bateman, Kristin) (Entered: 02/23/2026) |
| 02/26/2026 | <u>77</u> | MOTION for Christopher Michael Sanders to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC-2248004 ) filed by Martin Luther King, Jr. County. (Romero, Amy) (Entered: 02/26/2026) |
| 02/26/2026 | | TEXT ORDER granting <u>77</u> Motion to Appear Pro Hac Vice of Christopher Michael Sanders. So Ordered by District Judge Mary S. McElroy on 2/26/2026. (Hill, Cherelle) (Entered: 02/26/2026) |
| 02/27/2026 | | TEXT ORDER: Before this Court is Defendants' Combined Motion to Dissolve the December 19, 2025 Preliminary Injunctions (ECF No. <u>74</u> ). The Court has considered the arguments in Defendants' Motion and Plaintiffs' Responses in Opposition thereto. The Defendants seek to reopen the December 2025 Continuum of Care NOFO in order to solicit and issue awards pursuant to its terms for the third and fourth quarters of the funding cycle and argue that this Court's interim relief enjoining the December 2025 NOFO prevents it from doing so. In support of dissolving the injunction, Defendants |

| | | |
|---|---|---|
| | | assert, among other things, that Congress has eliminated the threatened harms faced by the Plaintiffs that prompted the Court to enjoin the December 2025 NOFO in the first instance. The Court disagrees and concludes that the Plaintiffs continue to face imminent, irreparable harm from: (1) the upheaval and service gaps that would result from the Defendants attempt to vastly overhaul the funding selection criteria on an accelerated basis; and (2) the Defendants attempt to implement the December 2025 NOFO in light of the Courts prior determination that Plaintiffs have a strong likelihood of success in their action contesting its legality. *New York v. U.S. Dep't of Just.*, 804 F. Supp. 3d 294, 330 (D.R.I. 2025) ("In life-or-death scenariostimes of crisis when someone faces domestic violence, homelessness, or a mental health crisisit practically goes without saying that there can be no do over and no redress if services are unlawfully denied and someone suffers for it. That of course constitutes irreparable harm.") (cleaned up). As a result, the Court DENIES Defendants' Combined Motion to Dissolve the December 19, 2025 Preliminary Injunctions (ECF No. 74 ). So Ordered by District Judge Mary S. McElroy on 2/27/2026. (Potter, Carrie) (Entered: 02/27/2026) |
| 03/02/2026 | 78 | NOTICE OF APPEAL by Scott Turner, United States Department of Housing and Urban Development as to Order on Motion for Miscellaneous Relief,,,,,,, (No fee paid, USA, Waived by Statute, or IFP.)<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 3/9/2026. (Jankowski, William) (Entered: 03/02/2026) |
| 03/02/2026 | 79 | Emergency MOTION to Stay *the December 19, 2025 Preliminary Injunction Pending Appeal* filed by All Defendants. **Responses due by 3/16/2026.** (Jankowski, William) (Entered: 03/02/2026) |
| 03/02/2026 | 80 | CLERK'S CERTIFICATE AND APPELLATE COVER SHEET: Abbreviated record on appeal consisting of notice of appeal, order(s) being appealed, and a certified copy of the district court docket report transmitted to the U.S. Court of Appeals for the First Circuit in accordance with 1st Cir. R. 11.0(b). 78 Notice of Appeal,,. (Attachments: # 1 Record on Appeal)(Hill, Cherelle) (Entered: 03/02/2026) |
| 03/02/2026 | | TEXT ORDER : The plaintiff shall file a response, if applicable, to 79 Emergency MOTION to Stay *the December 19, 2025 Preliminary Injunction Pending Appeal* on or before 3/5/2026. So Ordered by District Judge Mary S. McElroy on 3/2/2026. (Potter, Carrie) (Entered: 03/02/2026) |
| 03/02/2026 | | USCA Case Number 26-1218 for 78 Notice of Appeal, filed by United States Department of Housing and Urban Development, Scott Turner. (Gonzalez Gomez, Viviana) (Entered: 03/02/2026) |
| 03/05/2026 | 81 | RESPONSE In Opposition to 79 Emergency MOTION to Stay *the December 19, 2025 Preliminary Injunction Pending Appeal* filed by All Plaintiffs. **Replies due by 3/12/2026.** (Bateman, Kristin) (Entered: 03/05/2026) |
| 03/06/2026 | | TEXT ORDER: Before the Court is Defendants' Combined Emergency Motion for a Stay of the Preliminary Injunctions Pending Appeal (ECF No. 79 ). The Court has considered the arguments in Defendants' Motion and Plaintiffs' Response in Opposition thereto. Notwithstanding Defendants' failure to appeal the Court's order providing Plaintiffs with injunctive relief, (ECF No. 52 ), Defendants seek a stay of this preliminary relief pending their appeal of the Court's February 27, 2026 Text Order denying their Motion to Dissolve the December 19, 2025 Preliminary Injunctions. Text Order (Feb. 27, 2026). When evaluating whether to stay an order pending an appeal, the Court must consider: "(1) |

whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Does 1-3 v. Mills*, 39 F.4th 20, 24 (1st Cir. 2022) (cleaned up). The Court concludes that Defendants have not met the aforementioned standard. Most notably, the Court concludes that its issuance of a stay at this juncture will substantially injure Plaintiffs by subjecting them to the upheaval and service gaps caused by Defendants attempt to implement the December 2025 NOFO on an expedited basis. As a result, the Court DENIES Defendants' Combined Emergency Motion for a Stay of the Preliminary Injunctions Pending Appeal (ECF No. 79 ). So Ordered by District Judge Mary S. McElroy on 3/6/2026. (Potter, Carrie) (Entered: 03/06/2026)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/08/2026 13:54:35 | | | |
| **PACER Login:** | SarahClark | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-cv-00636-MSM-AEM |
| **Billable Pages:** | 24 | **Cost:** | 2.40 |